**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_______________ District of Delaware (State)

Case number (*If known*): _______________ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/19

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name an d the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

**1. Debtor's name**

RAIT Funding, LLC (fka Taberna Funding LLC)

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)

33-1119983

**4. Debtor's address**

**Principal place of business**

Two Logan Square
Number Street

100 N. 18th Street, 23rd Floor

Philadelphia PA 19103
City State ZIP Code

Philadelphia
County

**Mailing address, if different from principal place of business**

Number Street

P.O. Box

City State ZIP Code

**Location of principal assets, if different from principal place of business**

Number Street

City State ZIP Code

**5. Debtor's website** (URL)

www.rait.com

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _______________

Debtor RAIT Funding, LLC (fka Taberna Funding LLC) Case Number *(if known)* ____________
Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C.§ 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
5259

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☒ No
- ☐ Yes District ____________ When ________ (MM/DD/YY) Case number ____________

District ____________ When ________ (MM/DD/YY) Case number ____________

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

- ☐ No
- ☒ Yes Debtor See Schedule 1 Relationship ____________

District ____________ When ________ (MM/DD/YY)

Case number, if known ____________

Debtor RAIT Funding, LLC (fka Taberna Funding LLC) Case Number *(if known)*

Name

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? ____________

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ____________

**Where is the property?** ____________

Number Street

____________

City State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency ____________

Contact name ____________

Phone ____________

## Statistical and Administrative Information on a Consolidated Basis

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☒ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor RAIT Funding, LLC (fka Taberna Funding LLC) Case Number (If known)
Name

**16. Estimated liabilities**

- [ ] $0-$50,000
- [ ] $50,001-$100,000
- [ ] $100,001-$500,000
- [ ] $500,001-$1 million
- [ ] $1,000,001-$10 million
- [ ] $10,000,001-$50 million
- [ ] $50,000,001-$100 million
- [x] $100,000,001-$500 million
- [ ] $500,000,001-$1 billion
- [ ] $1,000,000,001-$10 billion
- [ ] $10,000,000,001-$50 billion
- [ ] More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

[X] The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

[X] I have been authorized to file this petition on behalf of the debtor.

[X] I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 08/30/2019
MM / DD / YYYY

X
Signature of authorized representative of debtor

John J. Reyle
Printed name

Title CEO, President and General Counsel

**18. Signature of attorney**

X
Signature of attorney for debtor

Patrick A. Jackson
Printed name

Drinker, Biddle & Reath LLP
Firm name

222 Delaware Avenue, Ste. 1410
Address

Wilmington, DE 19801
City, State Zip

(302) 467-4200
Contact phone

Patrick.Jackson@dbr.com
Email address

4976 Delaware
Bar number State

08/30/2019
Date MM/DD/YYYY

**Schedule 1**

Pending Bankruptcy Cases Filed by Debtor and Affiliates of Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the **"Court"**). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of RAIT Financial Trust.

| | Debtor | Tax ID # |
|---|---|---|
| 1 | RAIT Financial Trust | 23-2919819 |
| 2 | RAIT Funding, LLC (fka Taberna Funding LLC) | 33-1119983 |
| 3 | RAIT General, Inc. | 23-2919987 |
| 4 | RAIT JV TRS Sub, LLC | 38-4014870 |
| 5 | RAIT JV TRS, LLC | 81-3943190 |
| 6 | RAIT Limited, Inc. | 23-2919773 |
| 7 | Taberna Realty Finance Trust | 20-5753577 |

**WRITTEN CONSENT OF THE SOLE MEMBER**
**of**
**RAIT FUNDING, LLC**

The undersigned, being the sole member (the "Member") of RAIT Funding, LLC, a Delaware limited liability company (the "Company"), hereby takes the following actions and adopts the following resolutions by written consent in lieu of a meeting pursuant to Section 7.7 of the Amended and Restated Limited Liability Company Agreement of the Company, and pursuant to Section 18-302 of the Delaware Limited Liability Company Act:

Bankruptcy Resolutions

**WHEREAS**, the Company, with the assistance of its financial and legal advisors, has been conducting a review to consider and evaluate various strategic and financial alternatives, including but not limited to, the sale or divestiture of all or substantially all of the Company's assets, a filing of petitions by the Company and certain of its affiliates to be effectuated under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), other restructuring transactions or transactions otherwise designed to address the Company's liquidity constraints that may be available to the Company and its affiliates (each such strategic alternative, a "Transaction"); and

**WHEREAS**, the Member has reviewed and has had the opportunity to ask questions and receive answers about and to discuss the materials presented by senior management of the Company and the Company's legal, financial and other advisors regarding the liabilities and liquidity of the Company, the various potential Transactions and the impact of the foregoing on the Company, its creditors, shareholders and other interested parties and its business; and

**WHEREAS**, in the judgment of the Member, it is desirable and in the best interests of the Company, its creditors, shareholders and other interested parties, for the Company to file a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED**, that the Company is hereby authorized to file or cause to be filed the voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and it is

**FURTHER RESOLVED**, that the executive officers of the Company (the "Designated Officers") are each hereby severally authorized, directed and empowered, on behalf of and in the name of the Company, to engage and continue to retain the law firm of Drinker Biddle & Reath LLP as restructuring and general bankruptcy counsel to the Company to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 proceeding, and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and

immediately upon the filing of the Chapter 11 Cases, and to cause to be filed appropriate applications for authority to retain the services of Drinker Biddle & Reath LLP; and it is

**FURTHER RESOLVED**, that the Designated Officers are each hereby authorized and directed to employ accountants, financial advisors, and any other individual and/or firm as professionals or consultants to the Company as are necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, including (a) UBS Securities LLC, as investment banker to the Company, (b) M-III Partners L.P., as restructuring and financial advisors to the Company, (c) Epiq Corporate Restructuring, LLC, as claims and noticing agent and administrative advisor, (d) Ledgewood PC, as tax counsel to the Company, and (e) such additional professionals, including attorneys, accountants, financial advisors, consultants, or brokers as may be necessary or desirable in connection with the Chapter 11 Cases and in connection therewith, each Designated Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of such individuals and/or firms.

<u>**General**</u>

**NOW, THEREFORE, BE IT RESOLVED**, that the Designated Officers of the Company are hereby each severally authorized and empowered in the name of and on behalf of the Company to perform any and all acts as may be necessary or desirable to carry out the purposes of these resolutions and to complete the transactions contemplated in the agreements and instruments referred to in the foregoing resolutions, and to execute, file, and deliver all instruments and other documents as any such officer may deem necessary or desirable to carry out the purposes and intent of the agreements and instruments referred to in the foregoing resolutions; and the execution by any such officer of any such act in connection with the foregoing matters shall conclusively establish such officer's authority therefor from the Company and the approval, ratification, and adoption by the Company of the documents so executed and the actions so taken; and it is

**FURTHER RESOLVED**, that the Designated Officers are hereby each severally authorized and empowered in the name of and on behalf of the Company to perform any and all acts as may be necessary or desirable to undertake, execute, file, implement, and/or deliver the Chapter 11 Cases and all other instruments and documents contemplated by the foregoing resolutions and to take any and all further action which such Designated Officers may deem necessary or desirable to effectuate any action authorized by these resolutions, and otherwise to carry out the purposes and intent of the foregoing resolutions, and the execution by any such officer of any such documents or the performance by any such Designated Officer of any such act in connection with the foregoing matters shall conclusively establish his or her authority therefore from the Company and the approval and ratification by the Company of the documents so executed and the actions so taken; and it is

**FURTHER RESOLVED**, that the Designated Officers of the Company are hereby each severally authorized for and on behalf of the Company to take any and all action necessary, including the execution of any amendments, documents, instruments or waivers or to obtain any waivers or amendments of any agreements of the Company required by or under any of the Chapter

11 Cases or any of the transactions contemplated thereby, and any such action shall be binding on the Company without further authorization; and it is

**FURTHER RESOLVED**, that all actions and agreements of the Member and officers of the Company prior to the date hereof consistent with the purposes and intent of the foregoing resolutions be, and they hereby are, approved, ratified and adopted in all respects as the acts and agreements of the Company.

**IN WITNESS WHEREOF**, the undersigned, being the sole member of the Company, has executed this written consent as of the 29th day of August, 2019.

**SOLE MEMBER OF RAIT FUNDING, LLC:**

RAIT JV TRS Sub, LLC, a Delaware limited liability company

By: RAIT JV TRS, LLC, a Delaware limited liability company

By: RAIT Partnership, L.P., a Delaware limited partnership, its managing member

By: RAIT General, Inc., a Maryland corporation, its sole general partner

By:____________________________
Name: John J. Reyle
Title: Chief Executive Officer

Fill in this information to Identify the case:

Debtor Name: RAIT Financial Trust, et al.

United States Bankruptcy Court for the: District of Delaware

Case Number (If known):

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

**A consolidated list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WELLS FARGO BANK, NATIONAL ASSOCIATION<br>CORPORATE TRUST RELATIONSHIP MANAGER<br>919 NORTH MARKET STREET<br>SUITE 1600, FL 7<br>WILMINGTON, DE 19801 | CONTACT: MOLLY ANN BREFFITT, CCTS<br>PHONE: 302-575-2010<br>FAX: 877-302-6619<br>MOLLY.A.BREFFITT@WELLSFARGO.COM | 7.125% SENIOR UNSECURED NOTES | | | | $66,529,722.00 |
| 2 | WELLS FARGO BANK, NATIONAL ASSOCIATION<br>CORPORATE TRUST RELATIONSHIP MANAGER<br>919 NORTH MARKET STREET<br>SUITE 1600, FL 7<br>WILMINGTON, DE 19801 | CONTACT: MOLLY ANN BREFFITT, CCTS<br>PHONE: 302-575-2010<br>FAX: 877-302-6619<br>MOLLY.A.BREFFITT@WELLSFARGO.COM | 7.625% SENIOR UNSECURED NOTES | | | | $56,865,250.00 |
| 3 | THE BANK OF NEW YORK MELLON<br>500 ROSS STREET, 12TH FLOOR<br>PITTSBURGH, PA 15262 | CONTACT: NANCY R. JOHNSON<br>PHONE: 412-236-3139<br>FAX: 412-234-8377<br>NANCY.R.JOHNSON@BNYMELLON.COM | JUNIOR SUBORDINATED NOTE GUARANTY | | | | $25,201,595.00 |
| 4 | WELLS FARGO BANK, NATIONAL ASSOCIATION<br>CORPORATE TRUST RELATIONSHIP MANAGER<br>919 NORTH MARKET STREET<br>SUITE 1600, FL 7<br>WILMINGTON, DE 19801 | CONTACT: MOLLY ANN BREFFITT, CCTS<br>PHONE: 302-575-2010<br>FAX: 877-302-6619<br>MOLLY.A.BREFFITT@WELLSFARGO.COM | JUNIOR SUBORDINATED NOTE | U | $18,670,743.00 | UNKNOWN | UNKNOWN |

**Fill in this information to identify the case:**

Debtor name: RAIT Funding, LLC (fka Taberna Funding LLC)

United States Bankruptcy Court for the: ________ District of Delaware (State)

Case number (*If known*): ____________

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ *Other document that requires a declaration* ____________

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 30, 2019
MM / DD / YYYY

*/s/ John J. Reyle*
Signature of individual signing on behalf of debtor

John J. Reyle
Printed name

CEO, President and General Counsel
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re:<br><br>RAIT FUNDING, LLC<br>(FKA TABERNA FUNDING LLC)[1],<br><br>Debtor. | Chapter 11<br><br>Case No. 19-_____(___) |
|---|---|

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the Debtor submits the following information:

The following entities indirectly own 10% or more of any class of equity interests of the Debtor:

| Name and Address of Corporate Equity Holder | Interest |
|---|---|
| RAIT Financial Trust<br>Two Logan Square<br>100 N. 18th Street, 23rd Floor<br>Philadelphia, PA 19103 | 100% |
| RAIT Limited, Inc.<br>Two Logan Square<br>100 N. 18th Street, 23rd Floor<br>Philadelphia, PA 19103 | 89.1% |
| RAIT Asset Holdings, LLC<br>Two Logan Square<br>100 N. 18th Street, 23rd Floor<br>Philadelphia, PA 19103 | 90% |
| Taberna Realty Finance Trust<br>Two Logan Square<br>100 N. 18th Street, 23rd Floor<br>Philadelphia, PA 19103 | 10% |
| RAIT JV TRS, LLC<br>Two Logan Square<br>100 N. 18th Street, 23rd Floor<br>Philadelphia, PA 19103 | 100% |

1 The Debtor's address is as follows: Two Logan Square, 100 N. 18th Street, 23rd Floor, Philadelphia, PA 19103.

The following entities directly own 10% or more of any class of equity interests of the Debtor:

| Name and Address of Corporate Equity Holder | Interest |
|---|---|
| RAIT JV TRS Sub, LLC<br>Two Logan Square<br>100 N. 18th Street, 23rd Floor<br>Philadelphia, PA 19103 | 100% |

**Fill in this information to identify the case:**

Debtor name: RAIT Funding, LLC (fka Taberna Funding LLC)

United States Bankruptcy Court for the: ______ District of Delaware (State)

Case number (*If known*): ______

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ *Other document that requires a declaration* *Corporate Ownership Statement*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 30, 2019
MM / DD / YYYY

*/s/ John J. Reyle*
Signature of individual signing on behalf of debtor

John J. Reyle
Printed name

CEO, President and General Counsel
Position or relationship to debtor