**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RAIT FUNDING, LLC,<br>a Delaware limited liability company | Case No. 19-11915 (BLS) |
| Debtor. | Tax I.D. No. 33-1119983 |
| In re: | Chapter 11 |
| RAIT FINANCIAL TRUST,<br>a Maryland real estate investment trust, | Case No. 19-11916 (BLS) |
| Debtor. | Tax I.D. No. 23-2919819 |
| In re: | Chapter 11 |
| RAIT GENERAL, INC.,<br>a Maryland corporation | Case No. 19-11917 (BLS) |
| Debtor. | Tax I.D. No. 23-2919987 |
| In re: | Chapter 11 |
| RAIT LIMITED, INC.,<br>a Maryland corporation | Case No. 19-11918 (BLS) |
| Debtor. | Tax I.D. No. 23-2919773 |
| In re: | Chapter 11 |
| TABERNA REALTY FINANCE TRUST,<br>a Maryland real estate investment trust, | Case No. 19-11919 (BLS) |
| Debtor. | Tax I.D. No. 20-2431122 |

| | |
|---|---|
| In re: | Chapter 11 |
| RAIT JV TRS, LLC,<br>a Delaware limited liability company | Case No. 19-11920 (BLS) |
| Debtor. | Tax I.D. No. 81-3943190 |
| In re: | Chapter 11 |
| RAIT JV TRS SUB, LLC,<br>a Delaware limited liability company | Case No. 19-11921 (BLS) |
| Debtor. | Tax I.D. No. 38-4014870 |

### DEBTORS' MOTION FOR ORDER AUTHORIZING (I) JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) FILING OF A CONSOLIDATED CREDITOR MATRIX

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") hereby file this motion (this "Motion") for entry of an order under Rules 1001, 1007 and 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 1001-1(c) and 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing (i) the joint administration of the Debtors' chapter 11 cases for procedural purposes only, and (ii) the filing of a consolidated creditor matrix in lieu of separate mailing matrices for each Debtor.  In support of this Motion, the Debtors rely on the *Declaration of Jamie Reyle in Support of Chapter 11 Petitions and First-Day Relief* (the "First-Day Declaration"), which was filed concurrently herewith.  In further support of this Motion, the Debtors respectfully represent as follows:

### JURISDICTION

1.     The Court has jurisdiction over these chapter 11 cases and this Motion under 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  The Motion is a

2

120262292.5

core matter under 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution.[1]

2.      Venue of these chapter 11 cases and this Motion is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and procedural predicates for the relief requested herein are sections 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 1001, 1007 and 1015, and Local Rules 1001-1(c) and 1015-1.

## BACKGROUND

4.      The Debtors are internally-managed real estate investment organizations that manage a portfolio of commercial real estate loans and properties.  The Debtors conduct their business through one reportable segment, their real estate lending, owning, and managing segment.  This segment is concentrated on lending, owning, and managing commercial real estate assets throughout the United States.

5.      On August 30, 2019 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no official committee of unsecured creditors has been appointed and no request for appointment of a chapter 11 trustee or examiner has been made.

6.      Additional information regarding the Debtors' history and business operations, their capital structure, and the events leading up to the commencement of these chapter 11 cases

---

[1] The Debtors consent to entry of a final order by this Court if it is determined that the Court, absent consent of the parties, cannot enter a final order consistent with Article III of the United States Constitution.

120262292.5

are set forth in the First-Day Declaration.  Capitalized terms not otherwise defined herein have the meanings ascribed to them in the First-Day Declaration.

7.      As set forth in the First-Day Declaration, prior to filing their bankruptcy petitions, Debtors RAIT Financial Trust, RAIT General, RAIT Limited, and Taberna (collectively, the "Sellers"), on the one hand, and CF RFP Holdings LLC, an entity owned by funds managed by affiliates of Fortress Investment Group LLC (the "Stalking Horse Purchaser"), on the other hand, entered into a certain Equity and Asset Purchase Agreement (the "Stalking Horse Purchase Agreement"), pursuant to which the Stalking Horse Purchaser will acquire, directly or indirectly substantially all of the Sellers' assets, for the cash purchase price of approximately $174.4 million (subject to certain adjustments set forth in the Stalking Horse Purchase Agreement), free and clear of all liens, claims, encumbrances and interests (the "Sale Transaction").  The Sale Transaction will be subject to higher and better offers pursuant to certain bidding procedures the Debtors will present to this Court for approval by subsequent motion.

8.      Also as set forth in the First-Day Declaration, as of the date hereof, certain Debtors have entered into Restructuring and Plan Support Agreements with the holders of the Junior Subordinated Notes (the "RAIT RSAs").  The counterparties to the RAIT RSAs have agreed to serve as impaired accepting classes of creditors and support the restructuring of the Debtors' indebtedness and other obligations and interests which, subject to the consummation of the Sale Transaction and confirmation of a chapter 11 plan consistent with the RAIT RSAs, would result in all other creditors of the Debtors, including the holders of the 7.125% Senior Notes, the holders of the 7.625% Senior Notes, and all administrative, priority and general unsecured claims, receiving payment in full, in cash of their allowed claims.  The Debtors intend to pursue a chapter 11 plan process consistent with the RAIT RSAs on parallel track with their sale process, so as to minimize the time and expense associated with the chapter 11 process.

120262292.5

## RELIEF REQUESTED

9.      By this motion, the Debtors seek entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) directing joint administration of the Debtors' chapter 11 cases for procedural purposes only, and (ii) authorizing the Debtors to file a consolidated creditor matrix in lieu of separate mailing matrices for each Debtor.

## BASIS FOR RELIEF REQUESTED

**I.      Joint Administration of Chapter 11 Cases**

10.     Bankruptcy Rule 1015(b) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates" of the debtor and such affiliates.  Fed. R. Bankr. P. 1015(b)(4). Section 101(2) of the Bankruptcy Code, in turn, defines the term "affiliate" in pertinent part, as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . .; [or]
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;

11 U.S.C. § 101(2).

11.     Local Rule 1015-1 provides that:

> [a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015 supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties . . . .

Del. Bankr. L.R. 1015-1.

120262292.5

12.     The Debtors in these chapter 11 cases include RAIT Funding, LLC and six of its affiliates, namely:  RAIT Financial Trust, RAIT General, Inc., RAIT Limited, Inc., Taberna Realty Finance Trust, RAIT JV TRS, LLC, and RAIT JV TRS Sub, LLC.  As set forth in the First-Day Declaration, RAIT Financial Trust owns (i) 100% of the equity of RAIT General, Inc. and RAIT Limited, Inc., (ii) 100% of the common stock and approximately 82.76% of the preferred stock of Taberna Realty Finance Trust, and (iii) 100% of non-debtor RAIT Partnership, L.P., which in turn owns 90% of the membership interest in RAIT JV TRS LLC.  Taberna Realty Finance Trust owns the other 10% membership interest in RAIT JV TRS, LLC, which in turn is the sole member of Debtor RAIT JV TRS Sub, LLC.  RAIT JV TRS Sub, LLC is the sole member of Debtor RAIT Funding, LLC.  The Debtors are therefore "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Accordingly, joint administration of the Debtors' chapter 11 cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

13.     The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in their chapter 11 cases will affect all of the Debtors.  The failure to jointly administer these cases would result in duplicative filings, which would then be served upon separate service lists.

14.     Joint administration of the Debtors' chapter 11 cases will save time and money and avoid duplicative filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed and (b) file papers in one case only.  Further, joint administration of the chapter 11 cases will permit the Clerk of the Court to use a single general docket for all of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.

120262292.5

15.     As a result, this Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files.  Also, joint administration will ease the burden on the office of the United States Trustee for the District of Delaware in supervising these bankruptcy cases. Finally, joint administration also will protect parties in interest by ensuring that parties in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in the cases.

16.     The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights.  Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it asserts a claim or right.  Thus, all creditors will benefit from the reduced costs as a result of such joint administration.

17.     Accordingly, the Debtors request that the official caption to be used by all parties on all pleadings and other filings in the jointly administered cases be as follows:

| | |
|---|---|
| In re: | Chapter 11 |
| RAIT FUNDING, LLC, a Delaware limited liability company, *et al.*,[1] | Case No. 19-11915 (BLS) (Jointly Administered) |
| Debtors. | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: RAIT Funding, LLC, a Delaware limited liability company (9983); RAIT Financial Trust, a Maryland real estate investment trust (9819); RAIT General, Inc., a Maryland corporation (9987); RAIT Limited, Inc., a Maryland corporation (9773); Taberna Realty Finance Trust, a Maryland real estate investment trust (3577); RAIT JV TRS, LLC, a Delaware limited liability company; and RAIT JV TRS Sub, LLC, a Delaware limited liability company.  The mailing address for all Debtors is Two Logan Square, 100 N. 18th Street, 23rd Floor, Philadelphia, Pennsylvania 19103 (Attn: John J. Reyle).

18.     The Debtors submit that use of this simplified caption, without reference to their full respective tax identification numbers and all other detail specified by section 342(c) of the

120262292.5

Bankruptcy Code and Bankruptcy Rule 2002(n), will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. Further, such case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest or will be provided by the Debtors upon request. In addition, this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b), as applicable to these cases. Therefore, the Debtors submit that the policies behind the requirements of section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n) have been satisfied.

19. In addition, the Debtors request that the Court make a separate docket entry on the docket of each of the Debtors' cases (except that of RAIT Funding, LLC), substantially as follows:

> An order has been entered in this case consolidating this case with the case of RAIT Funding, LLC, Case No. 19-11915 (BLS), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 19-11915 (BLS) should be consulted for all matters affecting this case.

20. Given that joint administration is a procedural matter only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly asserts its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.

21. An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis. *See* Del. Bankr. L.R. 1015-1. No party will be prejudiced by virtue of the joint administration requested in this Motion. Specifically, the relief sought herein is sole procedural and it not intended to affect substantive rights.

120262292.5

22.     For these reasons, the Debtors submit that the joint administration of their

chapter 11 cases is in the best interest of the Debtors, their estates, creditors, and other parties in

interest and, therefore, should be permitted.

## II.     Filing of Consolidated Creditor Matrix

23.     Bankruptcy Rule 1007 requires a chapter 11 debtor to file, along with its

voluntary petition, "a list containing the name and address of each entity included or to be

included on Schedules D, E/F, G, and H as prescribed by the Official Forms" (a

"Creditor Matrix").

24.     Local Rule 2002-1(f)(v) requires the maintenance of a separate Creditor Matrix

for each debtor in a jointly administered bankruptcy case.  Del. Bankr. L.R. 2002-1(f)(v).  Local

Rule 1001-1(c), however, permits the application of the Local Rules in a given proceeding to be

modified "in the interest of justice."  Del. Bankr. L.R. 1001-1(c).  Additionally, section 105(a) of

the Bankruptcy Code provides broad authority to the Court to enter "any order . . . that is

necessary or appropriate to carry out the provisions of th[e Bankruptcy Code]."  11 U.S.C.

§ 105(a).

25.     Permitting the Debtors to maintain a consolidated Creditor Matrix in lieu of a

separate Creditor Matrix for each Debtor, is warranted and in line with established practice in

this jurisdiction.  The Debtors presently maintain various lists of the names and addresses of their

respective creditors that are entitled to receive notices and other documents in the Debtors'

chapter 11 cases.  Given the large number of creditors in these chapter 11 cases, this information

may be utilized most efficiently by providing parties with notices and other similar documents on

a consolidated basis.

26.     Furthermore, concurrently with this Motion, the Debtors have filed or will file an

application requesting authorization to retain and employ Epiq Bankruptcy Solutions, LLC

120262292.5

("Epiq") as the Debtors' claims and noticing agent.  If such application is granted, Epiq will assist with, among other tasks, the mailing of notices to parties.  The Debtors, in consultation with Epiq, believe that a consolidated Creditor Matrix will be sufficient to allow Epiq to provide notice to all creditors as well as applicable parties in interest during these cases as required by Local Rule 1007-2.

27.     For the foregoing reasons, the Debtors submit the filing of a consolidated Creditor Matrix is in the best interests of the Debtors, their estates, creditors, and other parties in interest and, therefore, should be permitted.

## NOTICE

28.     The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee; (ii) the entities appearing on the Debtors' list of twenty (20) largest unsecured creditors on a consolidated basis; (iii) counsel to the Stalking Horse Purchaser; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Delaware Secretary of State; and (vii) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order with respect hereto will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary under the circumstances.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and providing the Debtors such other and further relief as is just and proper.

120262292.5

Dated: Wilmington, Delaware
    September 2, 2019

**DRINKER BIDDLE & REATH LLP**

*/s/ Patrick A. Jackson*
Patrick A. Jackson (Del. Bar No. 4976)
Joseph N. Argentina, Jr. (Del. Bar No. 5453)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel:  (302) 467-4200
Fax:  (302) 467-4201
Patrick.Jackson@dbr.com
Joseph.Argentina@dbr.com

-and-

Michael P. Pompeo (*pro hac vice* pending)
Brian P. Morgan (*pro hac vice* pending)
1177 Avenue of the Americas, 41st Floor
New York, NY 10036-2714
Tel:  (212) 248-3140
Fax:  (212) 248-3141
Michael.Pompeo@dbr.com
Brian.Morgan@dbr.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RAIT FUNDING, LLC,<br>a Delaware limited liability company | Case No. 19-11915 (BLS) |
| Debtor. | Tax I.D. No. 33-1119983 |
| | **Ref. Docket No. __** |
| In re: | Chapter 11 |
| RAIT FINANCIAL TRUST,<br>a Maryland real estate investment trust, | Case No. 19-11916 (BLS) |
| Debtor. | Tax I.D. No. 23-2919819 |
| In re: | Chapter 11 |
| RAIT GENERAL, INC.,<br>a Maryland corporation | Case No. 19-11917 (BLS) |
| Debtor. | Tax I.D. No. 23-2919987 |
| In re: | Chapter 11 |
| RAIT LIMITED, INC.,<br>a Maryland corporation | Case No. 19-11918 (BLS) |
| Debtor. | Tax I.D. No. 23-2919773 |
| In re: | Chapter 11 |
| TABERNA REALTY FINANCE TRUST,<br>a Maryland real estate investment trust, | Case No. 19-11919 (BLS) |
| Debtor. | Tax I.D. No. 20-2431122 |

1

| | |
|---|---|
| In re: | Chapter 11 |
| RAIT JV TRS, LLC,<br>a Delaware limited liability company | Case No. 19-11920 (BLS) |
| Debtor. | Tax I.D. No. 81-3943190 |
| In re: | Chapter 11 |
| RAIT JV TRS SUB, LLC,<br>a Delaware limited liability company | Case No. 19-11921 (BLS) |
| Debtor. | Tax I.D. No. 38-4014870 |

## ORDER DIRECTING JOINT ADMINISTRATION

Upon the motion (the "Motion")[1] filed by the above-captioned Debtors for entry of an order under Bankruptcy Rules 1001, 1007 and 1015 and Local Rules 1001-1(c) and 1015-1 authorizing (i) the joint administration of the Debtors' chapter 11 cases for procedural purposes only, and (ii) the filing of a consolidated creditor matrix in lieu of separate mailing matrices for each Debtor; and it appearing that (i) the Court has jurisdiction over these chapter 11 cases and the Motion under 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012, (ii) venue of these chapter 11 cases and the Motion in this Court is proper under 28 U.S.C. §§ 1408 and 1409, (iii) the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution, and (iv) notice of the Motion was adequate and proper under the circumstances, and no other or further notice need be given; and the Court having held a hearing to consider the relief requested in the Motion; and upon the record of the hearing and all of the proceedings had before this

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

2

Court; and it appearing that the relief requested in the Motion is in the best interests of the

Debtors, their estates, their creditors, and all other parties in interest, and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The Motion is GRANTED, as set forth herein.

2.      All objections to the entry of this Order, to the extent not withdrawn or settled, are

overruled.

3.      The above-captioned cases are consolidated for procedural purposes only and

shall be administered jointly under Case No. 19-11915 (BLS) in accordance with the provisions

of Bankruptcy Rule 1015 and Local Rule 1015-1.

4.      The caption of pleadings and other documents filed in the jointly administered

cases shall read as follows:

| | |
|---|---|
| In re: | Chapter 11 |
| RAIT FUNDING, LLC,<br>a Delaware limited liability company, *et al.*,[1] | Case No. 19-11915 (BLS)<br>(Jointly Administered) |
| Debtors. | |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: RAIT Funding, LLC, a Delaware limited liability company (9983); RAIT Financial Trust, a Maryland real estate investment trust (9819); RAIT General, Inc., a Maryland corporation (9987); RAIT Limited, Inc., a Maryland corporation (9773); Taberna Realty Finance Trust, a Maryland real estate investment trust (3577); RAIT JV TRS, LLC, a Delaware limited liability company (3190); and RAIT JV TRS Sub, LLC, a Delaware limited liability company (4870).  The mailing address for all Debtors is Two Logan Square, 100 N. 18th Street, 23rd Floor, Philadelphia, Pennsylvania 19103 (Attn: John J. Reyle).

5.      The caption set forth above shall be deemed to satisfy any applicable

requirements of section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n).

6.      All pleadings and other documents to be filed in the jointly administered cases

shall be filed and docketed in the case of RAIT Funding, LLC, Case No. 19-11915 (BLS).

120262292.5

7.      A docket entry shall be made in the chapter 11 cases of the Debtors other than

RAIT Funding, LLC, substantially as follows:

> An order has been entered in this case consolidating this case with the case of RAIT Funding, LLC,  Case No. 19-11915 (BLS), for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case. 19-11915 (BLS) should be consulted for all matters affecting this case.

8.      Any creditor filing a proof of claim against any of the Debtors shall clearly assert

such claim against the particular Debtor obligated on such claim and not against the jointly

administered Debtors, except as otherwise provided in any other order of this Court.

9.      The Debtors are authorized to file a consolidated Creditor Matrix.

10.      The procedural relief requested in the Motion and granted by this Order is for

administrative purposes only, and nothing contained in the Motion or this Order shall be deemed

or construed as directing or otherwise effecting the substantive consolidation of the Debtors or

their estates.

11.      This Order shall take effect immediately upon entry.

12.      The Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implantation, interpretation, and enforcement of this Order.

Dated:  Wilmington, Delaware
           September __, 2019

_____
HON. BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE

4

120262292.5