**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RAIT FUNDING, LLC, a Delaware limited liability company, *et al.*[1] | Case No. 19-11915 (BLS) (Jointly Administered) |
| Debtors. | Ref. Docket Nos. 140, 192, 252, & 280 |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) ESTABLISHING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN, (III) APPROVING FORMS OF NOTICES AND BALLOTS, (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT THEREOF, (V) SETTING CONFIRMATION HEARING AND RELATED DEADLINES AND (VI) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105(a), 1123(a), 1124, 1125, 1126, 1128 and 1129 of title 11 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3019 and 3020, and Local Rules 3017-1 and 9006-1, for entry of an order: (I) approving the *Disclosure Statement for Debtors' Joint Chapter 11 Plan* attached as Exhibit 1 hereto (including all exhibits thereto and as the same may be amended, modified or supplemented from time to time, the "Disclosure Statement"); (II) establishing procedures for the solicitation of votes

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable), are as follows: RAIT Funding, LLC, a Delaware limited liability company (9983); RAIT Financial Trust, a Maryland real estate investment trust (9819); RAIT General, Inc., a Maryland corporation (9987); RAIT Limited, Inc., a Maryland corporation (9773); Taberna Realty Finance Trust, a Maryland real estate investment trust (3577); RAIT JV TRS, LLC, a Delaware limited liability company (3190); and RAIT JV TRS Sub, LLC, a Delaware limited liability company (4870). The mailing address for all Debtors is Two Logan Square, 100 N. 18th Street, 23rd Floor, Philadelphia, Pennsylvania 19103 (Attn: John J. Reyle).

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

seeking acceptance of the *Debtors' Joint Chapter 11 Plan* attached as Exhibit A to the Disclosure Statement (including all exhibits thereto and as the same may be amended, modified or supplemented from time to time, the "Plan"); (III) scheduling the Confirmation Hearing and establishing procedures for the provision of notice of the Confirmation Hearing and for filing objections to Confirmation of the Plan; and (IV) granting related relief, and it appearing that (i) the Court has jurisdiction over these chapter 11 cases and the Motion under 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012, (ii) venue of these chapter 11 cases and the Motion in this Court is proper under 28 U.S.C. §§ 1408 and 1409, (iii) the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution, and (iv) notice of the Motion was adequate and proper under the circumstances, and no other or further notice need be given, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein,

    IT IS HEREBY FOUND AND DETERMINED THAT:

    A.    The *Notice of Hearing to Consider Approval of Proposed Disclosure Statement for Joint Chapter 11 Plan of Reorganization of RAIT Funding, LLC and its Debtor Affiliates* [D.I. 170] (the "Disclosure Statement Hearing Notice") was served in accordance with the applicable Bankruptcy Rules and such notice constitutes good and sufficient notice to all interested parties and no other or further notice need be provided. The Disclosure Statement Hearing Notice is hereby approved.

    B.    The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

C. The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

D. The period, as set forth below, during which the Debtors may solicit acceptances to the Plan is a reasonable and adequate period of time under the circumstances for entities entitled to vote on the Plan to make an informed decision regarding whether to accept or reject the Plan.

E. The contents of the Solicitation Packages, Non-Voting Packages and Information Packages, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, Holders of Claims against and Interests in the Debtors.

F. The Ballots substantially in the form attached to the Motion as Exhibit E: (i) are sufficiently consistent with Official Form No. B-314; (ii) adequately address the particular needs of these chapter 11 cases; and (iii) are appropriate for the Voting Classes.

G. Ballots need not be provided to the holders of Claims in Classes 1 through 5 and 8 through 13 because the Plan provides that such holders are either (i) Unimpaired and are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, and thus, are not entitled to vote to accept or reject the Plan, or (2) Impaired by the Plan, but are not receiving a Distribution thereunder and are conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code, and thus, are not entitled to vote to accept or reject the Plan.

H. The voting instructions and procedures attached to the Ballots provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules.

I. The notice of the Confirmation Hearing, substantially in the form attached to the Motion as Exhibit B (the "Confirmation Hearing Notice"), satisfies the requirements of due process with respect to all Holders of Claims and Interests, whether known or unknown.

J. The proposed timeline for the Confirmation Hearing complies with the Bankruptcy Code and the applicable Bankruptcy Rules and will enable the Debtors to pursue confirmation of the Plan in a timely fashion.

K. The Debtors have the right to seek modifications or extensions of the matters governed by this Order.

L. The relief requested in the Motion is in the best interests of the Debtors, their estates, and all parties in interest.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Disclosure Statement is hereby approved as containing adequate information within the meaning of Section 1125(a) of the Bankruptcy Code. Any objections that have not previously been withdrawn or resolved are hereby overruled. The Debtors are authorized to distribute, or cause to be distributed, the Disclosure Statement and Solicitation Packages in order to solicit votes on, and pursue Confirmation of, the Plan.

3. Disclosure Statement Hearing Notice. The Disclosure Statement Hearing Notice and the service thereof, as described in the Motion, complies with the requirements of

Bankruptcy Rules 2002(b) and 3017 and shall constitute sufficient notice of the Disclosure Statement Hearing. The Disclosure Statement Hearing Notice is hereby approved.

4. <u>Solicitation Packages</u>. The Debtors are authorized to distribute, or cause to be distributed, by first-class mail to each holder of a Claim or Interest in the Voting Classes a Solicitation Package containing the following:

   a. the Disclosure Statement, together with the Plan and all other exhibits annexed thereto, in the form of a book or CD-ROM/USB Drive in an Adobe Acrobat (PDF) standard format;

   b. the Disclosure Statement Order, excluding the exhibits annexed thereto, in the form of a book or CD-ROM/USB Drive in an Adobe Acrobat (PDF) standard format;

   c. the Confirmation Hearing Notice;

   d. the appropriate Ballot(s) to accept or reject the Plan along with a pre-addressed, postage prepaid return envelope; and

   e. such other materials as this Court may direct or approve, including any supplemental solicitation materials the Debtors may file with this Court.

5. <u>Non-Voting Packages</u>. The Notice of Non-Voting Status, substantially in the form attached to the Motion as Exhibit C, is hereby approved. The Debtors are authorized to distribute, or cause to be distributed, by first-class mail to all holders of Claims or Interests in the Non-Voting Classes, the Non-Voting Package, which shall consist of the Confirmation Hearing Notice and the Notice of Non-Voting Status. This distribution shall be for informational purposes only and not for solicitation since such Creditors and Interest holders shall not be entitled to vote on the Plan or shall be deemed to have accepted or rejected the Plan, as applicable.

6. <u>Information Packages</u>. To the extent that the Office of the United States Trustee, governmental units having an interest in these Chapter 11 Cases or those parties requesting

5

notice pursuant to Bankruptcy Rule 2002 have not otherwise received a Solicitation Package, prior to the Solicitation Commencement Date (defined below), the Debtors shall distribute, or cause to be distributed, by first-class mail to such parties the Information Package, containing: (a) the Disclosure Statement, together with the Plan and all other exhibits annexed thereto, in the form of a book or CD-ROM/USB Drive in an Adobe Acrobat (PDF) standard format; (b) the Disclosure Statement Order, excluding the exhibits annexed thereto, in the form of a book or CD-ROM/USB Drive in an Adobe Acrobat (PDF) standard format; and (c) the Confirmation Hearing Notice.

7.     Confirmation Hearing Notice.  The Confirmation Hearing Notice, substantially in the form attached to the Motion as Exhibit B, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d), shall constitute sufficient notice of the Confirmation Hearing, and is approved.  The Debtors shall distribute, or cause to be distributed, to all holders of Claims or Interests a copy of the Confirmation Hearing Notice in connection with the mailing of the Solicitation Packages, the Non-Voting Packages and the Information Packages.  The Confirmation Hearing Notice shall advise any party wishing to obtain a copy of the Disclosure Statement and/or the Plan to do so by contacting the Voting Agent, by (i) first-class mail, personal delivery or overnight courier addressed to RAIT Ballot Processing, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005, or (ii) telephoning the Voting Agent at (855) 940-0841, or, if calling from outside the United States and Canada, at +1 (503) 597-5101.  In addition, copies of the Plan and the Disclosure Statement shall be available to be viewed on the internet at https://dm.epiq11.com/RAIT or at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

6

121498324.2

8. <u>Fixing the Record Date</u>.  The record date with respect to holders of Claims and Interests shall be December 13, 2019 (the "<u>Voting Record Date</u>").  The Voting Record Date shall be used for purposes of determining the holders of Claims and Interests in (a) the Voting Classes, who will receive Solicitation Packages and vote to accept or reject the Plan, and (b) the Non-Voting Classes, who shall receive a Non-Voting Package and are not entitled to vote to accept or reject the Plan; and (ii) whether Interests have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote to accept or reject the Plan as the holder of an Interest.  However, with respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim or Interest only if the parties have completed all actions necessary to effect the transfer of the Claim or Interest pursuant to Bankruptcy Rule 3001(e) by the Voting Record Date set forth above.  The amount of each holder's Claim or Interest shall be determined for solicitation and voting purposes as of the Voting Record Date.

9. <u>Voting Agent</u>.  Epiq Corporate Restructuring, LLC (the "<u>Voting Agent</u>") is authorized to, among other things, perform all Balloting Services.

10. <u>Solicitation Commencement Date</u>.  The Voting Agent shall have completed the distribution of the appropriate Solicitation Packages, Non-Voting Packages and Information Packages by no later than December 18, 2019 (the "<u>Solicitation Commencement Date</u>") to all holders of Claims or Interests, as applicable.

11. <u>Undeliverable or Returned Notices and Solicitation Packages, Non-Voting Packages and Information Packages</u>.  The Debtors shall not be required to mail the Solicitation Packages, Non-Voting Packages or Information Packages to any holders of Claims or Interests at addresses that are determined to be undeliverable.  If a holder of a Claim or Interest has changed

its mailing address, either before or after the Solicitation Commencement Date, such holder shall advise the Voting Agent and the Debtors of its new address.  In the event the Debtors send holders of Claims or Interests Solicitation Packages, Non-Voting Packages and Information Packages, as applicable, that are thereafter returned as undeliverable, and the Voting Agent and the Debtors are not timely provided with corrected address information by such holders, the Debtors are excused from attempting to re-deliver such materials to such holders.

12. <u>Notice by Publication</u>.  The Debtors are authorized to publish the notice, substantially in the form attached to the Motion as <u>Exhibit D</u> (the "<u>Publication Notice</u>," and together with the Disclosure Statement Hearing Notice, the Confirmation Hearing Notice and the Notice of Non-Voting Status, the "<u>Notices</u>"), once in the USA Today by December 24, 2019.  The publication of the Publication Notice shall be deemed adequate and sufficient notice to all holders of Claims or Interests unknown to the Debtors as well as parties in interest for whom service of the Disclosure Statement Hearing Notice was unsuccessful or otherwise impracticable.

13. <u>Approval of the Ballots and Procedures for Voting on the Plan</u>.  The Ballots are hereby approved.  The Voting Agent shall create a distinct form of Ballot for the Voting Classes.  The Ballots will be sent to holders of Claims and Interests in the Voting Classes who are entitled to vote on the Plan.

14. <u>Voting Deadline</u>.  In order to be counted for Plan voting purposes, the deadline by which all Ballots must be properly executed, completed, delivered to, and actually received by the Voting Agent shall be January 17, 2020 at 4:00 p.m. (prevailing Eastern Time) (the "<u>Voting Deadline</u>").  Ballots shall be returned to the Voting Agent by first-class mail postage prepaid, personal delivery or overnight courier.  No Ballots shall be accepted by e-mail, facsimile or any other electronic format.

15. <u>Procedures for Tabulating Acceptances and Rejections of the Plan</u>. Each holder of a Claim in the Voting Classes shall be entitled to vote the amount of its Claim as of the Voting Record Date. For purposes of voting on the Plan, with respect to all holders of Claims in the Debtors, the amount of the Claim used to tabulate acceptance or rejection of the Plan shall be as follows:

   a. The amount Allowed by the Plan.

   b. If a Claim for which a Proof of Claim was timely filed or was listed in the Debtors' filed Schedules in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed for voting in the amount set forth on the Proof of Claim or the Debtors' filed Schedules.

   c. If a Claim, for which a Proof of Claim was timely filed, is listed as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution.

   d. If a Claim is listed in the Debtors' Schedules as contingent, unliquidated, or disputed and a Proof of Claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline; such Claim shall be disallowed for voting purposes; provided, however, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00.

   e. If a Proof of Claim has been timely filed prior to the applicable bar date and such Claim is asserted in the amount of $0.00, such Claim shall not be entitled to vote.

   f. A Ballot cast by an alleged holder of a Claim who has timely filed a Proof of Claim in a wholly unliquidated, unknown or uncertain amount that is not the subject of an objection may, at the Debtors' discretion, be ascribed a value of one dollar ($1.00) for voting purposes only in determining whether the aggregate interest amount requirement of section 1126(d) of the Bankruptcy Code has been met.

   g. Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

   h. If a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later filed amending Claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have

9

objected to such amended claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

i. If a holder of a Claim casts a Ballot and has timely filed a Proof of Claim (or has otherwise had a Proof of Claim deemed timely filed by the Court under applicable law), but the holder's Claim is the subject of an objection the Debtors request, in accordance with Bankruptcy Rule 3018(a), that the holder's Ballot not be counted, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline.

j. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan

k. Notwithstanding subsection (i) hereof hereof, if the Debtors have requested by motion at least twelve (12) business days prior to the Confirmation Hearing that a Claim be reclassified and/or allowed in a fixed, reduced amount pursuant to an objection to such Claim, the Ballot of the holder of such Claim shall be counted in the reduced amount requested by the Debtors and/or in the requested category.

16. The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a. Holders with multiple Claims within the Voting Classes must vote all such Claims in the Voting Classes to either accept or reject the Plan, and may not split their vote(s) within the Voting Classes. Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims within the Voting Classes will not be counted.

b. In the event a Claim is transferred after the transferor has executed and submitted a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the holder of such transferred Claim as of the Voting Record Date.

c. The delivery of a Ballot shall be deemed made only when the Voting Agent has actually received the original, executed Ballot.

d. If a holder of a Claim casts more than one Ballot voting the same Claim before the Voting Deadline, the last properly executed Ballot received before the Voting Deadline shall supersede and revoke any earlier received Ballot, and only the last Ballot received before the Voting Deadline shall be counted.

10

e. If a holder of a Claim casts multiple Ballots on account of the same Claim or Class of Claims, which are received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots shall not be counted.

f. Any Holder entitled to vote that has delivered a Ballot may withdraw such Ballot solely in accordance with Bankruptcy Rule 3018(a).

g. Subject to any contrary order of this Court, the Debtors shall have the right to reject any and all Ballots that are not in proper form.

h. Subject to any contrary order of this Court, the Debtors shall have the right to waive, without notice, any defects, irregularities or conditions of delivery as to any particular Ballot, including failure to timely file such Ballot.

i. Unless otherwise ordered by this Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or this Court) determine, and delivery of such Ballots shall not be deemed to have been made until such irregularities have been cured or waived.

j. Neither the Debtors nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor shall any such party incur any liability for failure to provide such notification. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) shall not be counted, except as set forth in subsection (h) above.

k. Any Class that contains claims entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan.

17. To the extent a Holder of a Claim in the Voting Classes has filed (i) duplicate Proofs of Claims with respect to a single Claim against a single Debtor, or (ii) Proofs of Claims amending previous Proofs of Claims with respect to a single Claim against a single Debtor, such holder of a Claim shall be entitled to receive only one Solicitation Package and one Ballot for voting such Claim, whether or not the Debtors have objected to such Claim(s).

18. Notwithstanding the foregoing, the following types of Ballots shall not be counted in determining whether the Plan has been accepted or rejected:

a. any Ballot that is otherwise properly completed, executed and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan;

11

b. any Ballot received after the Voting Deadline, except in the Debtors' discretion or by order of this Court;

c. any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

d. any Ballot that is illegible or contains insufficient information to permit the identification of the Claim or Interest holder;

e. any Ballot that partially accepts, or partially rejects, the Plan;

f. any Ballot cast by a Person or Entity that does not hold a Claim in the Voting Classes;

g. any unsigned Ballot or Ballot without an original signature, except in the Debtors' discretion; and

h. any Ballot transmitted to the Voting Agent by facsimile, e-mail or other electronic means, except in the Debtors' discretion.

19. Any Class of Claims or Interests that does not have a Holder of an Allowed Claim or a Claim that has been temporarily allowed by this Court as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan, and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code.

20. Parties shall not return any stock certificates, debt instruments or other evidence of their Claim(s) or Interest(s) with their Ballot(s).

21. <u>Tabulation Affidavit</u>.  The Voting Agent shall file its affidavit verifying the mailing of Ballots and the results of its voting tabulations reflecting the votes cast to accept or reject the Plan no later than January 24, 2020.

22. <u>Confirmation Hearing</u>.  The date set for the Confirmation Hearing shall be January 29, 2020 at 10:00 a.m. (prevailing Eastern Time) at 824 N. Market St., 6th Floor, Courtroom 1, Wilmington, DE 19801.  The Confirmation Hearing may be continued by the

Debtors from time to time without further notice to Creditors, Interest Holders or other parties in interest.

23. <u>Notice of the Confirmation Hearing</u>. The Debtors shall provide all known Creditors and Interest Holders, parties filing a notice of appearance in these Chapter 11 Cases, and governmental units having an interest in these Chapter 11 Cases, each as of the Voting Record Date, with a copy of the Confirmation Hearing Notice as part of the Solicitation Packages, Non-Voting Packages or Information Packages, as applicable, as set forth above.

24. <u>Objection Procedures Regarding Confirmation of the Plan</u>. The deadline for filing and serving written objections to Confirmation of the Plan (including any supporting memoranda) (the "<u>Plan Objections</u>") shall be January 17, 2020 at 4:00 p.m. (prevailing Eastern Time) (the "<u>Plan Objection Deadline</u>"). The deadline for filing and serving a reply to Plan Objections, if any, shall be January 24, 2020 at 4:00 p.m. (prevailing Eastern Time).

25. Plan Objections, if any, shall: (i) be made in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) state with particularity the legal and factual basis and nature of any Plan Objection; and (iv) be filed with this Court, together with proof of service, and served so that they are received on or before the Plan Objection Deadline by the following parties: (a) counsel to the Debtors, (1) Drinker Biddle & Reath LLP, 222 Delaware Avenue, Suite 1410, Wilmington, DE 19801 (Attn: Patrick A. Jackson, Esq.), and (2) Drinker Biddle & Reath LLP, 1177 Avenue of the Americas, 41st Floor, New York, New York 10036 (Attn: Michael P. Pompeo, Esq.), (b) the Office of the United States Trustee, 844 N. King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Richard L. Schepacarter, Esq.); and (c) counsel to the Committee, (1) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801 (Attn: G. David Dean, Esq.), and (2)

Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Stephen D. Zide, Esq. and Jennifer Sharret, Esq.).

26. Plan Objections that are not timely filed, served, and actually received in the manner set forth above shall not be considered and shall be deemed to be overruled.

27. <u>Non-Substantive Changes</u>.  The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, the Notices and any related documents without further order of this Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package, the Non-Voting Packages and/or the Information Packages prior to the distribution of such materials.

28. <u>Copies and Review of Documents</u>.  Copies of the Plan and Disclosure Statement and all pleadings and orders of this Court shall be publicly available for a fee via PACER at: http://www.deb.uscourts.gov or free of charge from the Voting Agent at: https://dm.epiq11.com/RAIT.  Such documents and pleadings may also be obtained from the Voting Agent upon request by (i) first-class mail, personal delivery or overnight courier addressed to RAIT Ballot Processing, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005, or (ii) telephoning the Voting Agent at (855) 940-0841, or, if calling from outside the United States and Canada, at +1 (503) 597-5101.

29. The Debtors and the Voting Agent are authorized and empowered to take any and all actions necessary to implement the terms of this Disclosure Statement Order.

30. The terms and conditions of this Disclosure Statement Order shall be immediately effective and enforceable upon its entry.

31. This Court shall retain jurisdiction with respect to all matters arising from or related to implementation of this Order.

**Dated: December 17th, 2019**
**Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**

121498324.2