**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 19-11915 (BLS) |
| **RAIT FUNDING, LLC, et al**[1] | ) | |
| | ) | **Hearing Date:** |
| Debtors. | ) | January 29, 2020 at 10:00 a.m. |
| | ) | |
| | ) | **Objection Deadline:** |
| | ) | January 17, 2020 at 4:00 p.m. |
| | ) | |
| | ) | **Extended for the U.S. Trustee to** |
| | ) | January 21, 2020 at 4:00 p.m. |
| | ) | |

**THE UNITED STATES TRUSTEE'S OBJECTION TO THE
<u>DEBTORS JOINT CHAPTER 11 PLAN (D. I. 139, 280 294)</u>**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 ("U.S. Trustee"), by and through his undersigned counsel, objects to the Debtors' Joint Chapter 11 Plan (D.I. 139, 280, 294) (the "Plan")[2] as follows:

**JURISDICTION, VENUE AND STANDING**

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Objection.[3]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are as follows: RAIT Funding, LLC, a Delaware limited liability company (9983); RAIT Financial Trust, a Maryland real estate investment trust (9819); RAIT General, Inc., a Maryland corporation (9987); RAIT Limited, Inc., a Maryland corporation (9773); Taberna Realty Finance Trust, a Maryland real estate investment trust (3577); RAIT JV TRS, LLC, a Delaware limited liability company (3190); and RAIT JV TRS Sub, LLC, a Delaware limited liability company (4870). The mailing address for all Debtors is Two Logan Square, 100 N. 18th Street, 23rd Floor, Philadelphia, Pennsylvania 19103 (Attn: John J. Reyle).

[2] Capitalized terms herein have the same meaning as set forth in the referenced pleading or document.

[3] The parties have reached agreement with respect to certain modifications or conformations to be made to the Plan and/or proposed form of confirmation order (including as to the parties covered by the Plan exculpation) other than those specifically addressed in this Objection. The U.S. Trustee reserves the right to supplement this Objection, or to assert additional objections at the hearing on the Motion, if such modifications are not made.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U. S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the "U.S. Trustee as a "watchdog").

3. Pursuant to 28 U.S.C. § 586(a)(3)(B), the U.S. Trustee has the duty to monitor plans and disclosure statements filed in Chapter 11 cases and to comment such plans and disclosure statements. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection.

## STATEMENT OF RELEVANT FACTS

4. On August 30, 2019, the Debtors' filed their Chapter 11 petitions. In support of the first-day requested relief, the Debtors filed the Declaration of John J. Reyle in Support of Debtors' Chapter 11 Petitions and Requests for First-Day Relief (D.I. 7) (the "Reyle Declaration").

5. As set forth in the Reyle Declaration, on August 29, 2019, RAIT Financial Trust, Taberna, and TPF Collateral Manager, as collateral manager for TPF, entered in a Restructuring and Plan Support Agreement (the "TPF RSA"). Reyle Declaration at ¶ 54.

6. On August 31, 2019, RAIT Financial Trust, RAIT Funding, and Kodiak entered into a Restructuring and Plan Support Agreement (the "Kodiak RSA", and together with the TPF RSA, the "RAIT RSAs"). Reyle Declaration at ¶ 55.

7. The RSA Counterparties agreed to support the restructuring of the Debtors' indebtedness and other obligations and interests which included the consummation of the Sale Transaction and confirmation of the Debtors' Plan. Reyle Declaration at ¶ 56.

8. On September 17, 2019, the U.S. Trustee appointed an Official Committee of Unsecured Creditors.

9. On October 14, 2019, the Debtors filed a Chapter 11 Plan of Reorganization and a Disclosure Statement (D.I. 139, 140). On December 16, 2019, the Debtors filed Blacklines of the Plan and Disclosure Statement. On December 17, 2019, the Debtors filed the present Joint Chapter 11 Plan and Disclosure Statement (D.I. 294, 295).

10. Under the Plan, an Exculpated Party is defined as:

> "Exculpated Party" means each of the following in its capacity as such: (a) the Debtors; (b) the Creditors Committee and all members thereof, (c) the Reorganized Debtors, (d) the Plan Administrator, (e) the Trustees, (f) the **RSA Counterparties**[4], and (g) with respect to each of the foregoing Entities in clauses (a) through (f), such Entity's successors and assigns and current and former affiliates, subsidiaries, officers, directors, trustees, principals, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other Professionals.[5]

---

[4] Under the Plan, the term "RSA Counterparties" means, collectively, the RAIT Funding RSA Counterparty and the Taberna RSA Counterparty (Art. I, section 1.1.102). The term "RSAs" means, collectively, (i) the Restructuring and Plan Support Agreement dated as of August 31, 2019, by and among RAIT Parent, RAIT Funding, and the RAIT Funding RSA Counterparty, and (ii) the Restructuring and Plan Support Agreement dated as of August 29, 2019, by and among RAIT Parent, Taberna, and the Taberna RSA Counterparty, each as filed on the docket on September 9, 2019 [D.I. 52] and as altered, amended, modified, or supplemented from time to time. (Article I, section 1.1.103). The term "RAIT Funding RSA Counterparty" means Kodiak CDO I, Ltd., as Holder of certain undivided preferred beneficial interests issued and sold by Taberna Funding Capital Trust. (Article I, section 1.1. 88). The term "Taberna RSA Counterparty" means TP Management LLC, in its capacity as delegate collateral manager under that certain Delegation Agreement dated as of December 14, 2014, by and between the Taberna Noteholder, Taberna Capital Management, and JPMorgan Chase Bank, National Association, as amended or supplemented from time to time. (Article I, section 1.1.130).

[5] Article IX, Section 9.6 entitled "Exculpation" states that:

Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the Disclosure Statement, the Plan, the Sale

Plan at Article I, section 1.1.46 (Emphasis supplied).

## LAW, ANALYSIS AND ARGUMENT

11. In *In re Genesis Health Ventures, Inc.,* 266 B.R. 591 (Bankr. D. Del. 2001), this Court held that the plan proponent bears the burden of proof with respect to confirmability of a plan: "The Code imposes an independent duty upon the court to determine whether a plan satisfies each element of § 1129, regardless of the absence of valid objections to confirmation." *Id.* at 599. Here, the Debtors fail to meet these standards, for the reasons set forth below.

12. As stated by the Court in *In re Washington Mutual, Inc.*, 442 B.R. 314, 350-51 (Bankr. D. Del. 2011), an "exculpation clause must be limited to the fiduciaries who have served during the chapter 11 proceeding: estate professionals, the Committees and their members, and the Debtors' directors and officers." *Id.* at 350-51 (emphasis added). The Court in *In re Tribune Company*, 464 B.R. 126 (Bankr. D. Del. 2011) (Carey, J.), stated agreement with the *Washington Mutual* holding relating to exculpated parties, and held that the exculpation clause in *Tribune,* "must exclude non-fiduciaries." *Id*. at 189, quoting *Washington Mutual*, 422 B.R. at 350 -51. Accord, *Indianapolis Downs*, 486 B.R. 286 (Bankr. D. Del. 2013).

---

Transaction, the Purchase Agreement, or any Plan Document, contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a final order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon closing of the Chapter 11 Cases or the Effective Date shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

13.     In *In re PTC Holdings LLC,* 55 Bankr. Ct. Dec 206, 2011 Bankr. LEXIS 4436, *38 (Bankr. D. Del. Nov. 10, 2011) (Shannon, J.), this Court sustained the U.S. Trustee's objection to the exculpation clause, stating that such clause "must be reeled into include only those parties who have acted as estate fiduciaries and their professionals." *Id.* at * 38. In reaching this conclusion, the PTC Court reviewed the *Washington Mutual* decision, as well as the decision of the Third Circuit Court of Appeals in *In re PWS Holding Corp.,* 228 F.3d 224, 246 (3d Cir. 2000), on which *Washington Mutual* relied. The issue in PWS was whether an official committee of unsecured creditors could receive exculpation. As described by this Court in *PTC Holdings*:

> In reaching its conclusion, the PWS court examined § 1103(c) and noted that the section "has been interpreted to imply both a fiduciary duty to committee constituents and a limited grant of immunity to committee members." "This immunity," the court found, "covers committee members for actions within the scope of their duties." The PWS court's reasoning thus implies that a party's exculpation is based upon its role or status as a fiduciary. That is why, as the *Washington Mutual* court pointed out, courts have permitted exculpation clauses insofar as they "merely state[] the standard to which ... estate fiduciaries [a]re held in a chapter 11 case." That fiduciary standard, however, applies only to estate fiduciaries, "no one else."

*PTC Holdings* at * 37-38 (citations omitted).

14.     Contrary to the limits of exculpation set forth in the above-reference case law, the Debtor's Plan includes, as an "Exculpated Party," entities included the defined term "RSA Counterparties" who are not estate fiduciaries.  The RSA Counterparties are the "RAIT Funding RSA Counterparty" and the "Taberna RSA Counterparty" are Kodiak CDO I, Ltd and TP Management, LLC, respectively.

15.     Accordingly, the Exculpated Parties should not include the RSA Counterparties and exculpation should be limited to the Debtors, the directors and officers of the Debtors who

served during any portion of the cases, the Debtors' professionals retained in these cases, the Committee, the members of the Committee, in their capacity as such, the individuals who sat on the Committee, in their capacity as such, and the Committee's professionals retained in these cases. *See Washington Mutual*, 442 B.R. at 350-51 (an "exculpation clause must be limited to the fiduciaries who have served during the chapter 11 proceeding: estate professionals, the Committees and their members, and the Debtors' directors and officers.").

16. The U.S. Trustee reserves any and all rights, duties, obligations and privileges found at law, equity or otherwise.

Wherefore, the U.S. Trustee respectfully requests that this Court deny confirmation of the Plan to the extent of this Objection and grant such other and further relief deemed fair and proper.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

Dated: January 21, 2020          By: /s/Richard L. Schepacarter
                                 Richard L. Schepacarter, Esq.
                                 Trial Attorney
                                 United States Department of Justice
                                 Office of the United States Trustee
                                 J. Caleb Boggs Federal Building
                                 844 N. King Street, Room 2207, Lockbox 35
                                 Wilmington, DE 19801
                                 (302) 573-6491
                                 (302) 573-6497 (Fax)
                                 Email: richard.schepacarter@usdoj.gov