## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| RAIT FUNDING, LLC, a Delaware limited liability company, *et al.*,[1] | Case No. 19-11915 (BLS) |
|  | (Jointly Administered) |
| Debtors. | **Ref. Docket No. 294** |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
## CONFIRMING THE DEBTORS' JOINT CHAPTER 11 PLAN

Upon consideration of the *Debtors' Joint Chapter 11 Plan* dated December 17, 2019 [D.I. 294] (including all exhibits thereto, and as amended, supplemented, or modified from time to time pursuant to the terms thereof or by this Confirmation Order, the "Plan") proposed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-captioned, jointly administered chapter 11 cases (the "Cases"); and the Debtors having filed the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan* [D.I. 295] (the "Disclosure Statement"); and this Court having approved the Disclosure Statement as containing adequate information by order dated December 17, 2019 [D.I. 291] (the "Disclosure Statement Order"); and the Debtors having filed the Plan Supplement[2] on January 10, 2020 [D.I. 323]; and the Court having conducted a hearing on January 29, 2020 (the "Confirmation Hearing"), at which time all parties in interest were offered an opportunity to be heard, to consider the confirmation of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: RAIT Funding, LLC, a Delaware limited liability company (9983); RAIT Financial Trust, a Maryland real estate investment trust (9819); RAIT General, Inc. a Maryland corporation (9987); RAIT Limited, Inc., a Maryland corporation (9773); Taberna Realty Finance Trust, a Maryland real estate investment trust (3577); RAIT JV TRS, LLC, a Delaware limited liability company (3190); and RAIT JV TRS Sub, LLC, a Delaware limited liability company (4870). The mailing address for all Debtors is Two Logan Square, 100 N. 18th Street, 23rd Floor, Philadelphia, Pennsylvania 19103 (Attn: John J. Reyle).

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

121670639.7

Plan; and the Court having considered: (i) the Plan and any objections thereto; (ii) the Disclosure

Statement and the Disclosure Statement Order; (iii) the arguments of counsel made, and evidence

adduced, related thereto; (iv) the evidence presented in support of confirmation of the Plan in

(A) the affidavits of service and publication filed reflecting compliance with the notice and

solicitation requirements of the Disclosure Statement Order [D.I. 340, 368] (the "Notice

Affidavits"), (B) the *Declaration of Joseph Arena on Behalf of Epiq Corporate Restructuring,*

*LLC Regarding Voting and Tabulation of Ballots Cast on the Debtors' Joint Chapter 11 Plan*

[D.I. 367] (the "Voting Declaration"), and (C) the *Declaration of John J. Reyle in Support of*

*Confirmation of the Debtors' Joint Chapter 11 Plan* [D.I. 384] and the *Declaration of Lyle*

*Bauck in Support of Confirmation of the Debtors' Joint Chapter 11 Plan* [D.I. 385] (collectively

,the "Confirmation Declarations"); and (v) the *Memorandum of Law in Support of Confirmation*

*of the Debtors' Chapter 11 Plan* [D.I. 376] (the "Confirmation Memorandum"); and after due

deliberation and consideration of all of the foregoing; and sufficient cause appearing therefor;

and it appearing that confirmation of the Plan is in the best interests of the Debtors, their estates,

their creditors, and other parties in interest; it is hereby **FOUND, CONCLUDED, AND**

**DETERMINED AS FOLLOWS**:[3]

    A.    Findings of Fact and Conclusions of Law.  The findings and conclusions set forth

herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy

Rule 7052, made applicable to these Cases pursuant to Bankruptcy Rule 9014.  To the extent that

any of the following findings of fact constitute conclusions of law, they are adopted as such.  To

---

[3] All findings of fact and conclusions of law announced by the Court at the Confirmation
Hearing in relation to the Motion are hereby incorporated herein to the extent not inconsistent
herewith.

121670639.7

the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

      B.    <u>Jurisdiction and Venue</u>.  This Court has jurisdiction over this Case pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

      C.    <u>Chapter 11 Petitions</u>.  On August 30, 2019, the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors are proper debtors under Bankruptcy Code section 109 and are proper proponents of the Plan under section 1121(a) of the Bankruptcy Code.  The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Cases.

      D.    <u>Judicial Notice</u>.  The Court takes judicial notice of the docket in these Cases maintained by the clerk of the Bankruptcy Court or its duly appointed agent, including all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered, submitted, or adduced at the hearings held before the Court during these Cases, including the hearing to consider the adequacy of the Disclosure Statement and the Confirmation Hearing.

      E.    <u>Plan Supplement</u>.  The Plan Supplement complies with the terms of the Plan, and the filing and notice of the Plan Supplement was appropriate and complied with the requirements of the Disclosure Statement Order, the Bankruptcy Code, and the Bankruptcy Rules, and no other or further notice is or shall be required.  The Debtors are authorized to modify the Plan

121670639.7

Supplement documents following entry of this Confirmation Order in a manner consistent with the Plan, this Confirmation Order, and any otherwise applicable law.

F.    <u>Notice of Transmittal, Mailing, and Publication of Materials</u>.  As is evidenced by the Voting Certification and the Notice Affidavits, the transmittal and service of the Plan, the Disclosure Statement, Ballots, the Confirmation Hearing Notice and Notice of Non-Voting Status (both as defined in the Disclosure Statement Order) were adequate and sufficient under the circumstances, and all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to Confirmation of the Plan) were given due, proper, timely, and adequate notice in accordance with the Disclosure Statement Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable nonbankruptcy law, and such parties each had an opportunity to appear and be heard with respect thereto.  No other or further notice is required.  The publication of the Confirmation Hearing Notice as set forth in the Notice Affidavits complied with the Disclosure Statement Order.

G.    <u>Voting</u>.  The procedures by which the Ballots for acceptance or rejection of the Plan and for making related elections were distributed and tabulated were fair, properly conducted, and complied with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable nonbankruptcy law, the Plan, and the Disclosure Statement Order.

H.    <u>Bankruptcy Rule 3016</u>.  In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtors as the plan proponents.  The filing of the Disclosure Statement with the clerk of the Bankruptcy Court satisfied Bankruptcy Rule 3016(b).  The Plan and Disclosure Statement describe in specific and conspicuous language all acts and actions to be enjoined and identify the Persons that would be subject to injunctions.  Bankruptcy Rule 3016(c) is therefore satisfied.

4

I.       Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  As set

forth below, the Plan complies with all of the applicable provisions of the Bankruptcy Code,

thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

J.       Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).  The classification of

Claims and Interests under the Plan is proper under the Bankruptcy Code. In addition to

Administrative Claims, Professional Claims, and Priority Tax Claims, which need not be

classified, the Plan designates thirteen different Classes of Claims and Interests.  The Claims or

Interests placed in each Class are substantially similar to other Claims or Interests, as the case

may be, in each such Class.  Valid business, factual, and legal reasons exist for separately

classifying the various Classes of Claims and Interests created under the Plan, and such Classes

do not unfairly discriminate between Holders of Claims and Interests.  Thus, the Plan satisfies

sections 1122 and 1123(a)(l) of the Bankruptcy Code.

K.       Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).  Article III of the

Plan specifies that Class 1 (Secured Tax Claims), Class 2 (Other Secured Tax Claims), Class 3

(Other Priority Claims), Class 4 (Senior Note Claims and Senior Note Trustee Claims), Class 5

(General Unsecured Claims), Class 8 (Intercompany Claims), and Class 10 (Section 510(b)

Claims) are Unimpaired under the Plan, and that Class 9 (Intercompany Interests) may be

Unimpaired under the Plan.  Thus, the requirement of section l 123(a)(2) of the Bankruptcy Code

is satisfied.

L.       Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).  Article

III of the Plan designates Class 6 (Subordinated Taberna Note Claim), Class 7 (Subordinated RF

Junior Note Claims and RAIT Subordinated Guaranty Claims), Class 11 (Preferred Interests in

RAIT Parent), Class 12 (Preferred Interests in Taberna), and Class 13 (Common Interests in

121670639.7

RAIT Parent) as Impaired under the Plan, designates Class 9 (Intercompany Interests) as potentially Impaired under the Plan, and specifies the treatment of Claims and Interests in all such Classes. Thus, the requirement of section 1123(a)(3) of the Bankruptcy Code is satisfied.

M.      <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest. Thus, the requirement of section 1123(a)(4) of the Bankruptcy Code is satisfied.

N.      <u>Implementation of the Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan and the additional documents included in the Plan Supplement provide adequate and proper means for the Plan's implementation. Thus, the requirements of section 1123(a)(5) of the Bankruptcy Code are satisfied.

O.      <u>Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))</u>. The Plan does not provide for the issuance of any non-voting equity securities of any corporation, and each of the Debtors will eventually be dissolved under the Plan. Therefore, the requirement of section 1123(a)(6) of the Bankruptcy Code is satisfied.

P.      <u>Selection of Officers and Directors (11 U.S.C. § 1123(a)(7))</u>. The Plan provides for the appointment of the Plan Administrator as the sole manager, sole director/trustee, and sole officer of the Reorganized Debtors, and the Plan Administrator was selected by consensus of the Debtors and the RSA Counterparties, and will be engaged by the Debtors' Estates on the terms set forth in the Engagement Letter attached as <u>Exhibit 1</u> hereto, all of which is consistent with the interests of creditors and holders of Interests and with public policy. Therefore, section 1123(a)(7) of the Bankruptcy Code is satisfied.

Q.      <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>.  The Plan's other provisions

are appropriate, in the best interests of the Debtors and their Estates, and consistent with the

applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules:

(1)      <u>Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2))</u>.  The

Debtors have exercised reasonable business judgment in determining to

assume, assume and assign, or reject, as the case may be, their Executory

Contracts and Unexpired Leases under the terms of the Plan and this

Confirmation Order, and such assumption and assignment, or such

rejections, as applicable, are justified and appropriate in these Cases.

(2)      <u>Settlement or Adjustment of Intercompany Claims and Interests Under the</u>

<u>Plan (11 U.S.C. § 1123(b)(3))</u>.  The settlements and adjustments of Claims

and Interests belonging to the Debtors and their Estates under the Plan

comply with the requirements of section 1123(b) of the Bankruptcy Code

and, to the extent applicable, Bankruptcy Rule 9019.  In particular, the

Court finds that such settlements and adjustments are (i) in the best

interest of the Debtors, their Estates, and their creditors; and (ii) fair,

equitable, and reasonable.

(3)      <u>Releases, Exculpations, and Injunctions (11 U.S.C. § 1123(b))</u>.  The

releases, exculpations, and injunctions provided in the Plan are (i) within

the jurisdiction of the Court under 28 U.S.C. § 1334; (ii) integral elements

of the transactions incorporated into the Plan and inextricably bound with

the other provisions of the Plan; (iii) in exchange for good and valuable

consideration provided by the applicable Released Parties (including

121670639.7

performance of the terms of the Plan) and a good-faith settlement and compromise of the released claims; (iv) in the best interests of the Debtors and the Estates; (v) fair, equitable, and reasonable; (vi) given and made after due notice and opportunity for hearing; and (vii) a bar to any of the Releasing Parties asserting any released claim against any of the Released Parties; and (viii) otherwise consistent with sections 105, 524, 1123, 1129, 1141, and other applicable provisions of the Bankruptcy Code and other applicable law.

R.    <u>Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. Pursuant to section 1129(a)(2) of the Bankruptcy Code, the Debtors have complied with the applicable provisions of the Bankruptcy Code, including sections 1122, 1123, 1124, 1125, and 1126 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order governing notice, disclosure, and solicitation in connection with the Plan, the Disclosure Statement, the Plan Supplement, and all other matters considered by the Court in connection with the Cases.

S.    <u>Plan Proposed in Good Faith and Not by Means Forbidden by Law (11 U.S.C. § 1129(a)(3))</u>.  The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section l 129(a)(3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Cases, the Plan itself, and the process leading to its formulation.  The Plan is the result of extensive, good faith, arms' length negotiations among the Debtors and key stakeholders, including the RSA Counterparties, is supported by the creditors

and other parties in interest in the Cases, and promotes the objectives and purposes of the Bankruptcy Code.

T.    <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.  The procedures set forth in the Plan for the Bankruptcy Court's approval of the fees, costs, and expenses to be paid in connection with the Cases, or in connection with the Plan and incident to the Cases, satisfy the objectives of, and are in compliance with, section 1129(a)(4) of the Bankruptcy Code.

U.    <u>Disclosure and Appointment of Plan Administrator (11 U.S.C. § 1129(a)(5))</u>.  The Plan provides for the appointment of the Plan Administrator as the sole manager, sole director/trustee, and sole officer of the Reorganized Debtors.  The Debtors have disclosed the identity and affiliations of the proposed Plan Administrator, Lyle Bauck of M-III Advisory Partners, L.P. (the "<u>Plan Administrator</u>"), and the appointment to such office of such individual is consistent with the interests of creditors and holders of Interests and with public policy.  Thus, the Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

V.    <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  The Plan does not provide for any rate change that requires regulatory approval.  Section 1129(a)(6) of the Bankruptcy Code is thus not applicable.

W.    <u>Best Interests of Holders of Claims and Interests (11 U.S.C. § 1129(a)(7))</u>.  The "best interests" test under section 1129(a)(7) of the Bankruptcy Code is satisfied as to all Impaired Classes under the Plan, as each Holder of a Claim or Interest in such Impaired Classes either has voted to accept the Plan or will receive or retain property of a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.  More specifically, the

liquidation analysis [D.I. 295, Exh. C] filed by the Debtors, the Confirmation Declarations, and all other applicable evidence proffered or adduced at the Confirmation Hearing (i) are reasonable, persuasive, and credible; (ii) are based on reasonable and sound methodologies and assumptions; (iii) provide a reasonable estimate of the liquidation values of the Debtors upon hypothetical conversion to cases under chapter 7 of the Bankruptcy Code; and (iv) establish that each Holder of a Claim or Interest in the Impaired Classes will receive or retain, on account of such Claim or Interest, property under the Plan of a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.

X.    Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).  The Holders of Claims in Class 1, Class 2, Class 3, Class 4, Class 5, Class 8, and Class 10 are left Unimpaired under the Plan and, therefore, are deemed to have accepted the Plan by operation of section 1126(f) of the Bankruptcy Code.  The Holders of Claims in Class 6 and Class 7 have voted to accept the Plan in accordance with the Bankruptcy Code, thereby satisfying section 1129(a)(8) as to those Classes. Holders of Interests in Class 11, Class 12, and Class 13 are deemed to have rejected the Plan by operation of section 1126(g) of the Bankruptcy Code.  In addition, Class 9 may be deemed to accept or to reject the Plan, depending which treatment is elected by the Debtors for that Class. Section 1129(a)(8) of the Bankruptcy Code has not been and cannot be satisfied as to any Classes that are deemed to reject the Plan.  The Plan, however, is still confirmable because it satisfies the nonconsensual confirmation provisions of section 1129(b) of the Bankruptcy Code, as set forth below.

Y.    Treatment of Administrative, Priority Tax, and Other Priority Claims (11 U.S.C. § 1129(a)(9)).  The treatment of Administrative Claims, Priority Tax Claims, and Other Priority

Claims pursuant to Article III of the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

Z.    <u>Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10))</u>.  Class 6 and Class 7, the only Impaired Classes of Claims under the Plan, have accepted the Plan, determined without including any acceptance of the Plan by any Insider.  Therefore, the requirement of section 1129(a)(10) of the Bankruptcy Code is satisfied.

AA.    <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.  The evidence provided in support of Confirmation establishes that the assets to be vested in the Reorganized Debtors will be sufficient to enable the Plan Administrator to make all required distributions under the Plan, to perform the duties and functions outlined under the Plan, and to satisfy post-Effective-Date obligations.  Furthermore, reasonable, persuasive, and credible evidence proffered or adduced at or prior to the Confirmation Hearing establishes that the Plan is feasible.  Finally, given that the Plan provides for the eventual dissolution of each of the Debtors and contemplates the liquidation or other final administration of all the Debtors' property, confirmation of the Plan is not likely to be followed by the need for further financial reorganization.  Thus, section 1129(a)(11) of the Bankruptcy Code is satisfied.

BB.    <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.  The Plan requires that all fees payable under 28 U.S.C. § 1930 have been paid or will be paid pursuant to Section 13.2 of the Plan, thus satisfying the requirement of section 1129(a)(12) of the Bankruptcy Code.

CC.    <u>Inapplicable Provisions (11 U.S.C. §§ 1129(a)(13)-(16))</u>.  Bankruptcy Code sections 1129(a)(13)-(16) are inapplicable as the Debtors (i) do not provide "retiree benefits" as defined in section 1114 (§ 1129(a)(13)) of the Bankruptcy Code; (ii) have no domestic support

obligations (§ 1129(a)(14)); (iii) are not individuals (§ 1129(a)(15)); and (iv) are not non-profit entities (*see* § 1129(a)(16)).

DD.    <u>No Unfair Discrimination; Fair and Equitable Treatment (11 U.S.C. § 1129(b))</u>. The classification and treatment of Interests in Classes 11, 12, and 13, which are deemed to have rejected the Plan, and in Class 9, which may be deemed to have rejected the Plan, is proper pursuant to section 1122 of the Bankruptcy Code, does not discriminate unfairly, and is fair and equitable pursuant to section 1129(b)(l) of the Bankruptcy Code.  There is no Class of Claims or Interests junior to the Holders of Interests in Classes 9, 11, 12, or 13 that will receive or retain property under the Plan on account of their Claims or Interests.  Accordingly, the Plan does not violate the absolute priority rule, does not discriminate unfairly, and is fair and equitable with respect to each Class that is (or may be) deemed to have rejected the Plan.  Thus, the Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code with respect to Classes 9, 11, 12, and 13.

EE.    <u>Only One Plan (11 U.S.C. § 1129(c))</u>.  The Plan is the only chapter 11 plan currently proposed in the Cases, and the requirements of section 1129(c) of the Bankruptcy Code are therefore satisfied.

FF.    <u>Principal Purpose (11 U.S.C. § 1129(d))</u>.  The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the application of section 5 of the Securities Act of 1933, and no governmental unit has objected to the Confirmation of the Plan on any such grounds.  Accordingly, section 1129(d) of the Bankruptcy Code is inapplicable.

GG.    <u>Satisfaction of Confirmation Requirements</u>.  Based upon the foregoing, the Debtors have met their burden of proving the elements of section 1129(a) & (b) of the Bankruptcy Code by a preponderance of the evidence, the Plan satisfies all the requirements for

Confirmation set forth in section 1129 of the Bankruptcy Code, and the Plan should be confirmed.

HH.    Good Faith Solicitation (11 U.S.C. § 1125(e)).  The Debtors and their affiliates, subsidiaries, officers, directors, trustees, principals, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other Professionals (collectively, the "Related Parties" of the Debtors) have acted in good faith within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Disclosure Statement Order in connection with all of their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and they are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the injunction and exculpation provisions set forth in Article IX of the Plan.

II.    Executory Contracts and Unexpired Leases.  Each assumption and assignment or rejection of an Executory Contract or Unexpired Lease pursuant to Article V of the Plan and the Plan Supplement, as supplemented by this Order, shall be legal, valid, and binding upon the Reorganized Debtors and all non-debtor parties (and their assignees or successors) to such Executory Contracts or Unexpired Leases, all to the same extent as if such assumption or rejection had been effectuated pursuant to an order of the Bankruptcy Court entered before Confirmation under section 365 of the Bankruptcy Code.

JJ.    Cure and Adequate Assurance.  The Debtors have cured, or provided adequate assurance that the assignee will cure, defaults (if any) under or relating to the Unexpired Lease that is being assumed and assigned by the Debtors pursuant to the Plan and this Confirmation

Order.  In addition, the Debtors have provided adequate assurance of future performance by the assignee regarding such Unexpired Lease.

KK.    <u>Retention of Jurisdiction</u>.  This Court may and will properly retain jurisdiction over the matters set forth in Article XII of the Plan.

LL.    <u>Consummation in Good Faith</u>.  The Debtors, the Reorganized Debtors, the Plan Administrator, and their respective Related Parties will be acting in good faith if they proceed to (i) consummate the Plan and the agreements, settlements, transactions, transfers, and Distributions contemplated thereby; and (ii) take the other acts or actions authorized and directed by this Confirmation Order.

MM.    <u>Plan Modifications</u>.  The Debtors have made certain modifications to the Plan, which modifications are set forth in the table attached as <u>Exhibit A</u> hereto, and which shall be reflected in a conformed version of the Plan to be filed on the docket on or before the Effective Date.  All such modifications are incorporated by reference herein and approved.  The disclosure of these modifications to the Plan on the record at the Confirmation Hearing constitutes due and sufficient notice of such modifications, and complies in all respects with Section 11.1 of the Plan and section 1127 of the Bankruptcy Code, and the Court hereby finds that such modifications are non-material, not adverse to any party in interest under the Plan, and, pursuant to Bankruptcy Rule 3019, these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code and do not require the re-solicitation of any Class of Claims under section 1126 of the Bankruptcy Code.  The Plan as modified shall constitute the Plan submitted for Confirmation.

Based on the foregoing findings, and on the record made before the Court at the Confirmation Hearing, and good and sufficient cause appearing therefor, it is hereby

121670639.7

**ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

**Confirmation of the Plan**

1.       The Plan, as and to the extent modified by this Confirmation Order, is

APPROVED and CONFIRMED pursuant to section 1129 of the Bankruptcy Code.

2.       Each provision of the Plan is authorized and approved and shall have the same

validity, binding effect, and enforceability as every other provision of the Plan.  The terms of the

Plan, as modified by this Confirmation Order, are incorporated by reference into and are an

integral part of this Confirmation Order.  The failure specifically to describe, include, or refer to

any particular article, section, part, or provision of the Plan, the Plan Supplement, or any related

document in this Confirmation Order shall not diminish or impair the effectiveness of such

article, section, part, or provision, it being the intent of the Court that the Plan, the Plan

Supplement, and all related documents be approved and confirmed in their entirety as if set forth

verbatim in this Confirmation Order.

3.       Any resolutions of objections to Confirmation of the Plan or to the Plan explained

on the record at the Confirmation Hearing are hereby incorporated by reference.  The unresolved

objections, statements, joinders, comments, and reservations of rights in opposition to or

inconsistent with the Plan have been fully considered by the Bankruptcy Court and, except for

the Objection of the U.S. Trustee, are hereby DENIED and OVERRULED with prejudice on the

merits and in their entirety.  The Objection of the U.S. Trustee is hereby SUSTAINED, and the

Plan is hereby modified to reflect the ruling of the Court in favor of the U.S. Trustee.  All

withdrawn objections are deemed withdrawn with prejudice.  The record of the Confirmation

Hearing is hereby closed and such evidentiary record shall not be amended, modified, or

supplemented.

121670639.7

## Compromises and Settlements Under the Plan

4.      Pursuant to section 1123(b) of the Bankruptcy Code and, to the extent applicable, Bankruptcy Rule 9019, upon the Effective Date, all settlements and adjustments of Claims and Interests belonging to the Debtors and their Estates set forth in the Plan are approved in all respects as good faith, fair, reasonable, and equitable compromises and settlements.  Entry of this Confirmation Order constitutes approval of all such compromises and settlements pursuant to the Bankruptcy Rules, including, to the extent applicable, Bankruptcy Rule 9019(a), the Bankruptcy Code, including sections 105(a), 1123(a)(5), 1123(b)(3), and 1123(b)(6) of the Bankruptcy Code, and other applicable law.

5.      In order to give effect to the settlements referenced in the foregoing paragraph:

(a)      Proceeds of the sale of the Debtors' assets shall be deemed allocated among the respective Estates as is necessary to permit the Debtors and the Plan Administrator, as applicable, to make any distributions required by the Plan to the creditors of such Estate.

(b)      Any Intercompany Claims that could be asserted by one Debtor against another Debtor will be released and extinguished immediately before the Effective Date with no separate recovery on account of any such Claims.

(c)      Intercompany Interests will receive the treatment provided for them in the Plan.

## Authorization to Implement the Plan

6.      On the Effective Date, the certificates of incorporation, by laws, operating agreements, and articles of organization, as applicable, of all the Debtors shall be deemed amended to the extent necessary to carry out the provisions of the Plan.  The entry of this Confirmation Order shall constitute authorization for the Debtors, the Reorganized Debtors, and the Plan Administrator, as applicable, to take or cause to be taken all actions necessary or appropriate to implement all provisions of, and to consummate, the Plan prior to, on, and after the Effective Date, and all such actions taken or caused to be taken shall be deemed to have been

121670639.7

authorized and approved by this Court without further approval, act, or action under any applicable law, order, rule, or regulation.

7.     This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan or the Plan Supplement.

8.     Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan or made in connection therewith shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment to the fullest extent contemplated by section 1146(a) of the Bankruptcy Code.  Upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.  The Bankruptcy Court shall retain specific jurisdiction with respect to these matters.

9.     The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Debtors, the Reorganized Debtors, and the Plan Administrator, as applicable, to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order.

121670639.7

## Enforceability of the Plan

10.    Pursuant to sections 1123(a), 1141(a), and 1142 of the Bankruptcy Code, the Plan and all Plan-related documents shall be, and hereby are, valid, binding, and enforceable.  Upon the occurrence of the Effective Date, the Plan and the Plan Supplement shall be immediately effective and enforceable and deemed binding on the Debtors, all Creditors and Holders of Interests, and all other Persons in accordance with their respective terms.

## Vesting of Assets

11.    Except as otherwise provided in the Plan, the Purchase Agreement, the order approving the Sale Transaction (the "Sale Order"), or any agreement, instrument, or other document incorporated therein, on the Effective Date, the assets of the Debtors, including their books and records, shall vest in the Reorganized Debtors for the purpose of liquidating the Estates, free and clear of all Liens, Claims, charges, or other encumbrances.

12.    The Plan Administrator shall be the exclusive trustee of the assets of the Reorganized Debtors for the purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estates appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code.

13.    Except as otherwise provided in the Plan, this Confirmation Order, the Purchase Agreement, the Sale Order or the Intercompany Termination Agreement (as defined in the Sale Order), from and after the Effective Date, the Reorganized Debtors will retain all rights to commence, pursue, litigate, or settle, as appropriate, any and all of the Debtors' or Estates' Causes of Action (whether existing as of the Petition Date or thereafter arising), and all Avoidance Actions, in each case in any court or other tribunal, including in an adversary proceeding Filed in the Cases.

14.     No Person may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any Avoidance Actions or other Causes of Action against such Person as any indication that the Reorganized Debtors will not pursue any and all available Avoidance Actions or other Causes of Action against them.

## **Debtors' Management**

15.     On the Effective Date, the authority, power, and incumbency of the persons acting as managers, directors, trustees, and officers of the Debtors shall terminate, and the Plan Administrator shall be appointed as the sole manager, sole director, sole trustee, and sole officer of the Reorganized Debtors, and shall succeed to the powers of the Debtors' managers, directors, trustees, and officers.  From and after the Effective Date, the Plan Administrator shall be the sole representative of, and shall act for, the Reorganized Debtors.

## **Corporate Action**

16.     Any corporate action required to be taken by the Debtors in respect of any of the matters provided for or contemplated under the Plan shall, as of the Effective Date, be deemed to have been taken and shall be effective as provided herein, and such corporate action shall be authorized and approved in all respects without any requirement of further action by stockholders, managers, officers, trustees, or directors of any of the Debtors.

17.     Pursuant to sections 1123(a)(5) and 1142(b) of the Bankruptcy Code, and notwithstanding any otherwise applicable nonbankruptcy law, the Debtors, Reorganized Debtors, the Plan Administrator, and all other necessary parties are authorized and empowered to execute and deliver any instrument, agreement or document and perform any act that is necessary, desirable or required to comply with the terms and conditions of the Plan and consummation and implementation of the Plan, and are authorized and empowered, without limitation, to take all

19

actions necessary or appropriate to enter into, implement, and consummate the contracts,

instruments, and other agreements or documents created in connection with the Plan.

18.     The Debtors or Reorganized Debtors, as applicable, and upon request of the Plan

Administrator all parties in interest, shall, from time to time, prepare, execute and deliver any

agreements or documents and take any other actions as may be necessary or advisable to

effectuate the provisions and intent of the Plan including executing and delivering documents

necessary or appropriate to evidence the release and cancellation of Liens, Claims or Interests.

**Wind Down and Dissolution of the Debtors**

19.     Without need for any corporate action and without need for any corporate or

limited liability company filings, all Interests of the Debtors issued and outstanding immediately

before the Effective Date (other than any Intercompany Interests that are Reinstated by election

of the Debtors) shall be automatically cancelled and extinguished on the Effective Date, and the

obligations of the Debtors thereunder or in any way related thereto, including any obligation to

pay any franchise or similar-type taxes on account of such Interests, shall be discharged.

20.     From and after the Effective Date, the Reorganized Debtors (i) shall be deemed to

have withdrawn their business operations from any state in which the Debtors were previously

conducting, or are registered or licensed to conduct, their business operations, and shall not be

required to file any document, pay any sum, or take any other action in order to effectuate such

withdrawal, and (ii) shall not be liable in any manner to any taxing authority for franchise,

business, license, or similar taxes accruing on or after the Effective Date.

21.     The Plan Administrator shall have the power and authority to take any action

necessary to wind down and dissolve any of the Debtors as provided in the Plan.

Notwithstanding the foregoing, upon a certification to be Filed with the Bankruptcy Court by the

121670639.7

Plan Administrator of all distributions having been made and completion of all its duties under

the Plan and entry of a final decree closing the last of the Cases, the Reorganized Debtors shall

be deemed to be dissolved without any further action by any Reorganized Debtor, including the

filing of any documents with the Secretary of State for the state in which the Reorganized Debtor

is formed or any other jurisdiction.

### Plan Administrator

22.     The appointment of Lyle Bauck of M-III Advisory Partners, L.P. as the Plan

Administrator is hereby approved.  The Plan Administrator shall be compensated in the manner

set forth in and consistent with the Engagement Letter attached as Exhibit B hereto.

23.     In the event of the death, incapacity, or resignation of the Plan Administrator, the

RSA Counterparties shall nominate a Person to serve as successor Plan Administrator, who shall

become the Plan Administrator for all purposes under the Plan upon approval by this Court.

### Executory Contracts and Unexpired Leases

24.     On the Effective Date, pursuant to sections 365 and 1123 of the Bankruptcy Code,

(a) RAIT Parent's assumption and assignment of its Unexpired Lease with Two Logan Square

Associates, LP (the "Landlord") to a new tenant acceptable to the Landlord, which tenant shall

be identified in a stipulation between RAIT Parent and the Landlord Filed on or before the

Effective Date (the "Assignment Stipulation"), is hereby approved; and (b) to the extent the

D&O Liability Insurance Policies are Executory Contracts, the Reorganized Debtors' assumption

of the D&O Liability Insurance Policies is approved.  For the avoidance of doubt, the conditional

approval of the assumption and assignment of the Unexpired Lease with the Landlord herein

shall not preclude the Debtors from (i) amending the Plan Supplement on or before the Effective

Date so as to remove such Unexpired Lease from the Assumption Schedule, or (ii) seeking

121670639.7

approval of the assumption and assignment of such Unexpired Lease by separate motion, on notice to the Landlord.

25.     On the Effective Date, pursuant to sections 365 and 1123 of the Bankruptcy Code, the Debtors' rejection of all other Executory Contracts and Unexpired Leases of the Debtors is approved.  Except where the Plan, Bankruptcy Code, or a Final Order provides otherwise, any Rejection Damages Claim arising from the rejection under the Plan of any Executory Contract or Unexpired Lease must be filed with the Claims and Solicitation Agent no later than thirty (30) days after the Effective Date.  Except where the Plan, Bankruptcy Code, or a Final Order provides otherwise, any such Rejection Damages Claims that are not timely filed will be forever disallowed, barred, and unenforceable, and Persons holding such Claims will not receive any distributions under the Plan on account of such untimely Claims.

## Administrative Claims

26.     Except where the Plan, Bankruptcy Code, or a Final Order provides otherwise, all requests for payment of an Administrative Claim must be Filed with the Bankruptcy Court no later thirty days after the Effective Date.  Except where the Plan, Bankruptcy Code, or a Final Order provides otherwise, the failure to File a motion requesting Allowance of an Administrative Claim on or before the Administrative Claims Bar Date, or the failure to serve such motion timely and properly, shall result in the Administrative Claim being forever barred and disallowed without further order of the Bankruptcy Court.  If for any reason any such Administrative Claim is incapable of being forever barred and disallowed, then the Holder of such Claim shall in no event have recourse to any property to be distributed pursuant to the Plan.

121670639.7

## Professional Claims

27.     All final requests for payment of Professional Claims pursuant to sections 327, 328, 330, 331, 363, 503(b), or 1103 of the Bankruptcy Code must be made by application Filed with the Bankruptcy Court and served on counsel to the Plan Administrator and counsel to the U.S. Trustee no later than forty-five (45) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court.

28.     For the avoidance of doubt, nothing set forth herein or in the Plan supersedes the Court's *Order Appointing Fee Examiner and Establishing Related Procedures Concerning Compensation and Reimbursement of Expenses of Professionals and Consideration of Fee Applications* [D.I. 183] (the "Fee Examiner Appointment Order") and the procedure put in place thereby governing the Fee Examiner's review of Applications, as each of those terms are defined in the Fee Examiner Appointment Order.

## Releases, Exculpation, and Injunction

29.     The following release, exculpation, injunction and related provisions set forth in Article IX of the Plan are hereby approved and authorized in their entirety.  For the avoidance of doubt, the Distribution Agent, solely as the Debtors' agent with respect to effectuating the distribution of property under the Plan, shall be entitled to exculpation as set forth in Section 9.6 of the Plan.

30.     **Releases by the Debtors (Plan § 9.4).  Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released and discharged by the Debtors, the Reorganized Debtors, Plan Administrator, and their Estates from any and all Causes of Action, including any derivative claims asserted on behalf of the Debtors, that the Debtors, the**

121670639.7

Reorganized Debtors, Plan Administrator, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, or that any Holder of any Claim or Interest could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part:

   (a) the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the formulation, preparation, dissemination, negotiation, or filing of the Plan Documents;

   (b) any Plan Document, contract, instrument, release, or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement or the Plan;

   (c) the Chapter 11 Cases, the Disclosure Statement, the Plan, the Purchase Agreement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement; or

   (d) the business or contractual arrangements between any Debtor and any Released Party, and any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date relating to any of the foregoing.

31. **Releases by Holders of Claims (Plan § 9.5).**  Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor or Reorganized Debtor, as applicable, and each other Released Party from any and all Causes of Action, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part:

(a)     the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the formulation, preparation, dissemination, negotiation, or filing of the Plan Documents;

(b)     any Plan Document, contract, instrument, release, or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement or the Plan;

(c)     the Chapter 11 Cases, the Disclosure Statement, the Plan, the Purchase Agreement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement; or

(d)     the business or contractual arrangements between any Debtor and any Released Party, and any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date relating to any of the foregoing.

32.     Notwithstanding anything to the contrary in the foregoing two paragraphs, the releases set forth therein do not release (i) any post-Effective Date obligations of any party or Entity under the Plan, any Plan Document, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, or (ii) any Cause of Action related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects the Released Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.

33.     <u>Exculpation (Plan § 9.6)</u>.  Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the Disclosure Statement, the Plan, the Sale Transaction, the Purchase Agreement, or any Plan

25

Document, contract, instrument, release or other agreement or document (including

providing any legal opinion requested by any Entity regarding any transaction, contract,

instrument, document, or other agreement contemplated by the Plan or the reliance by any

Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion)

created or entered into in connection with the Disclosure Statement or the Plan, the filing

of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the

administration and implementation of the Plan, including the distribution of property

under the Plan or any other related agreement, except for claims related to any act or

omission that is determined in a Final Order to have constituted actual fraud, willful

misconduct, or gross negligence, but in all respects such Entities shall be entitled to

reasonably rely upon the advice of counsel with respect to their duties and responsibilities

pursuant to the Plan.  The Exculpated Parties have, and upon closing of the Chapter 11

Cases or the Effective Date shall be deemed to have, participated in good faith and in

compliance with the applicable laws with regard to the solicitation of, and distribution of,

consideration pursuant to the Plan and, therefore, are not, and on account of such

distributions shall not be, liable at any time for the violation of any applicable law, rule, or

regulation governing the solicitation of acceptances or rejections of the Plan or such

distributions made pursuant to the Plan.

34.    **Injunction (Plan § 9.7).**  Except with respect to the obligations arising under

the Plan or the Confirmation Order, and except as otherwise expressly provided in the

Plan or this Confirmation Order, all Entities that held, hold, or may hold claims or

interests that have been released, discharged, or exculpated pursuant to the Plan, are

permanently enjoined, from and after the Effective Date, from taking any of the following

actions against, as applicable, the Debtors or Reorganized Debtors, or the other Released

Parties:(1) commencing or continuing in any manner any action or other proceeding of any

kind on account of or in connection with or with respect to any such claims or interests; (2)

enforcing, attaching, collecting, or recovering by any manner or means any judgment,

award, decree, or order against such Entities on account of or in connection with or with

respect to any such claims or interests; (3) creating, perfecting, or enforcing any Lien or

encumbrance of any kind against such Entities or the property of such Entities on account

of or in connection with or with respect to any such claims or interests; (4) asserting any

right of setoff, subrogation, or recoupment of any kind against any obligation due from

such Entities or against the property of such Entities on account of or in connection with or

with respect to any such claims or interests unless such Entity has timely asserted such

setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff,

and notwithstanding an indication of a claim or interest or otherwise that such Entity

asserts, has, or intends to preserve any right of setoff pursuant to applicable law or

otherwise; and (5) commencing or continuing in any manner any action or other

proceeding of any kind on account of or in connection with or with respect to any such

claims or interests released or settled pursuant to the Plan.

### Dissolution of the Creditors Committee

35.     On the Effective Date, the Creditors Committee shall dissolve automatically and

the members thereof shall be released and discharged from all rights, duties, responsibilities, and

liabilities arising from, or related to, the Chapter 11 Cases and under the Bankruptcy Code,

except for the limited purpose of prosecuting requests for payment of Professional Claims for

services and reimbursement of expenses incurred prior to the Effective Date by such Creditors
Committee and its Professionals.

## Retention of Jurisdiction and Power

36.     Pursuant to sections l05(a) and 1142 of the Bankruptcy Code, the Bankruptcy
Court shall retain jurisdiction over all matters arising out of, or related to, these Cases and the
Plan to the fullest extent permitted by law, including jurisdiction and power to take the actions
listed in Article XII of the Plan.

## Conflicts Between Documents

37.     The provisions of this Confirmation Order, including the findings of fact and
conclusions of law set forth herein, and the provisions of the Plan are integrated with each other,
nonseverable, and mutually dependent unless expressly stated by further order of the Bankruptcy
Court.  The provisions of the Plan, the Plan Supplement, and this Confirmation Order shall be
construed in a manner consistent with each other so as to effect the purpose of each; *provided,
however,* that if there is any direct conflict between the terms of the Plan or the Plan Supplement
and the terms of this Confirmation Order that cannot be reconciled, then, solely to the extent of
such conflict, (i) the provisions of this Confirmation Order shall govern and any such provision
of this Confirmation Order shall be deemed a modification of the Plan and shall control and take
precedence; and (ii) as to all other agreements, instruments, or documents, the provisions of the
Plan shall govern and take precedence (unless otherwise expressly provided for in such
agreement, instrument, or document).

## Extension of Injunctions and Stays

38.     All injunctions or stays in the Cases under sections 105 or 362 of the Bankruptcy
Code or otherwise, and extant on the Confirmation Date (excluding any injunctions or stays

contained in or arising from the Plan or this Confirmation Order), shall remain in full force and effect through and inclusive of the Effective Date.  All injunctions or stays contained in the Plan or this Confirmation Order shall remain in full force and effect in accordance with their terms.

## Provisions Relating to Specific Parties

39.    [RESERVED.]

40.    <u>Harvest Equities</u>.  Harvest Equities, Inc. and its affiliates (collectively, "<u>Harvest</u>") shall not be considered "Releasing Parties" for purposes of the Plan; and for the avoidance of doubt, nothing in the Plan is intended or should be construed to modify, affect or eliminate any of the rights or obligations of, or restrictions on, the applicable parties under any agreement between Harvest and any non-Debtor party (whatever those rights, obligations and restrictions may ultimately be determined to be).

41.    <u>Internal Revenue Service</u> Notwithstanding any provision to the contrary in the Plan, this Confirmation Order or any Plan Documents (collectively, "<u>Documents</u>"):

(a)    As to the United States, nothing in the Documents shall:

(1) discharge, release, enjoin, impair or otherwise preclude (A) any liability to the United States that is not a "claim" within the meaning of section 101(5) of the Bankruptcy Code, (B) any claim of the United States arising after the Effective Date, or (C) any liability of any entity or person under police or regulatory statutes or regulations to any Governmental Unit as the owner, lessor, lessee or operator of property or rights to property that such entity owns, operates or leases after the Effective Date; (2) release, exculpate, enjoin, impair or discharge any non-Debtor from any claim, liability, suit, right or cause of action of the United States; (3) divest any tribunal of any jurisdiction it may have to interpret the

Documents or to adjudicate any defense asserted under the Documents; (4) cause

a Secured Claim to be deemed unsecured solely because it includes a Claim that

meets the definition of Priority Tax Claim; (5) alter the treatment and payment of

penalties on claims of the United States and such penalties shall be paid and

treated in accordance with the applicable provisions of the Bankruptcy Code;

(6) cause a late filed claim of the United States to be disallowed pursuant to the

Plan if it would otherwise be allowed pursuant to the Bankruptcy Code, the

Federal Rules of Bankruptcy Procedure or applicable law; (7) affect any setoff or

recoupment rights of the United States and such rights are preserved; (8) require

the United States to file an administrative claim in order to receive payment for

any liability described in section 503(b)(1)(B) and (C) pursuant to section

503(b)(1)(D) of the Bankruptcy Code; (9) be construed as a compromise or

settlement of any claim, cause of action or interest of the United States;

(10) expand or limit the scope of section 502 of the Bankruptcy Code with respect

to the claims of the United States; (11) cause the filing of any claim by the United

States to be automatically barred and estopped after the Effective Date; or

(12) expand the scope of section 505 of the Bankruptcy Code with respect to

claims of the United States.

        (b)        Administrative Claims of the United States allowed

pursuant to the Plan or the Bankruptcy Code shall accrue interest and penalties as

provided by non-bankruptcy law until paid in full.  Priority Tax Claims of the

United States (including any penalties, interest or additions to tax entitled to

priority under the Bankruptcy Code) allowed pursuant to the Bankruptcy Code or

the Plan shall be paid in accordance with section 1129(a)(9)(C) of the Bankruptcy

Code, and to the extent not paid in full in cash on the Effective Date, then such

Priority Tax Claims shall accrue interest commencing on the Effective Date at the

rate set forth in section 511 of the Bankruptcy Code.  Moreover, nothing in the

Documents shall effect a release, injunction or otherwise preclude any claim

whatsoever against any Debtor or any of the Debtors' Estates by or on behalf of

the United States for any liability arising a) out of a post-petition tax period for

which a return has not been filed or b) as a result of a pending audit or audit that

may be performed with respect to any post-petition tax period.  Any liability

arising a) out of a post-petition tax period for which a return has not been filed or

b) as a result of a pending audit or audit which may be performed with respect to

any post-petition tax period and allowed pursuant to the Plan or the Bankruptcy

Code shall be paid in accordance with section 1129(a)(9)(A) of the Bankruptcy

Code.  Further, nothing in the Documents shall enjoin the United States from

amending any claim against any Debtor or any of the Debtors' Estates with

respect to any tax liability a) arising out of pre-petition or post-petition tax periods

for which a tax return has not been filed or b) from a pending audit or audit that

may be performed with respect to any pre-petition or post-petition tax period,

provided that the Plan Administrator shall retain the right to object to any claim so

amended.  Without limiting the foregoing but for the avoidance of doubt, nothing

contained in the Documents shall be deemed to bind the United States to any

characterization of any transaction for tax purposes or to determine the tax

liability of any person or entity, including, but not limited to, the Debtors and the

Reorganized Debtors, nor shall the Documents be deemed to have determined the

federal tax treatment of any item, distribution, or entity, including the federal tax

consequences of this Plan, nor shall anything in the Documents be deemed to

have conferred jurisdiction upon the Bankruptcy Court to make determinations as

to federal tax liability and federal tax treatment except as provided under section

505 of the Bankruptcy Code.

42.    <u>CF RFP Holdings LLC</u>.  For the avoidance of doubt, nothing in the Plan, the Plan

Supplement, or this Confirmation Order is intended or should be construed to alter, conflict with

or derogate from the provisions of the Sale Order or the Purchase Agreement; and to the extent

of any conflict or derogation between the Sale Order or the Purchase Agreement, on the one

hand, and the Plan, the Plan Supplement, or this Confirmation Order, on the other hand, the

terms of the Sale Order and the Purchase Agreement shall control.

43.    <u>Executive Compensation</u>.  The amounts payable to John Reyle and Alfred

Dilmore (the "<u>Executives</u>") under the Employee Retention and Severance Plans shall be limited

to (i) $872,000 in the aggregate for severance, and (ii) $863,000 in the aggregate for 2019 bonus,

and the Executives shall waive any claim for 2020 bonus or additional severance or other

amounts to which they may otherwise be entitled under the Employee Retention and Severance

Plans.  Amounts payable to the Executives under the Employee Retention and Severance Plans

shall be paid on the later of (i) the Effective Date, or (ii) the date such amounts become payable

pursuant to the terms of the Employee Retention and Severance Plans.

121670639.7

## **Finality and Immediate Effect of Confirmation Order**

44.     This Confirmation Order (a) is a final order and the period in which an appeal must be filed shall commence upon the entry hereof; and (b) shall be immediately effective and enforceable upon the entry hereof.

**Dated: January 30th, 2020**
**Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**

121670639.7